[Civil No. 1035.   Filed March 27, 1908.]

[95 Pac. 115.]

INDUSTRIAL BUILDING AND LOAN ASSOCIATION, a Corporation, Plaintiff and Appellant, v. THE MEYERS-ABEL COMPANY, JOHN DOWNS, MARTHA DOWNS, BENJAMIN DOWNS, A. J. BROMFIELD and GEORGE H. ADAMS, Trustees, and F. W. NELSON, Trustee, Defendants and Appellees.

1. CORPORATIONS—FOREIGN CORPORATIONS—FILING COPY OF ARTICLES, ETC.—STATUTE CONSTRUED.—Revised Statutes of 1887, paragraphs 347, 348, now repealed, required a foreign corporation doing business in the territory to file a copy of its articles and an appointment of an agent to receive service of summons, etc., with the secretary of the territory and the recorder of the county in which its office or business was located. *Held,* that unless a foreign corporation

had an office, or its enterprise had or proposed to have some established location within the territory, it complied with the statute by filing with the secretary a copy of its articles of incorporation and an appointment of an agent, and that the requirement as to filings with county recorders did not apply to corporations effecting their transactions solely through traveling solicitors or correspondence.

2. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—IMPAIRMENT— FOREIGN CORPORATIONS.—That a foreign corporation has not complied with Revised Statutes of 1901, requiring such corporations to file copies of their articles of incorporation with certain officers, etc., does not prevent it from suing to vacate judgments based on business transacted before the enactment of such requirements, the corporation having transacted no new business in the territory since the law became effective, since to require such compliance as a condition precedent to the suit would impair the obligation of its contract.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Navajo. Richard E. Sloan, Judge.   Reversed and remanded with directions.

The facts are stated in the opinion.

W. H. Stillwell, for Appellant.

The articles of incorporation are the sole criterion to ascertain the purpose for which the corporation was organized. *Nicholet Nat. Bank* v. *Frisk Turner Co.,* 71 Minn. 413, 70 Am. St. Rep. 334, 74 N. W. 160.   Parties are bound by the allegation of their pleading, not denied.   *Groth* v. *Kersting,* 23 Colo. 213, 47 Pac. 393.   A plaintiff cannot call a defendant into court by a pleading alleging that defendant has certain rights and asking a decree accordingly, and then after defendant appears in court strike such allegation and prayer from plaintiff's own pleading and allege that defendant has no right or standing in court.   *Durnham* v. *Williams,* 32 La. Ann. 962; 2 Herman on Estoppel, secs. 1040–1042, 1418; *Scott* v. *Luther,* 44 Iowa, 570; *Lee* v. *Summers,* 2 Or. 260; *Ashbaugh* v. *Murphy,* 90 Ill. 182.

Clark & Tillinghast, for Appellees, The Meyers-Abel Co. and F. W. Nelson, Trustee.   J. F. Wilson, for Appellees Downs.

A foreign corporation not having complied with the statutes of the state cannot maintain an action for the enforcement

of a contract in said state, although the contract was completed by mail in another state and enforceable there. *Seamans* v. *Temple,* 105 Mich. 400, 55 Am. St. Rep. 457, 63 N. W. 408, 28 L. R. A. 430; *United States Savings & Loan Co.* v. *Miller* (Tenn.), 47 S. W. 17; *Bank of British Columbia* v. *Page,* 6 Or. 431.

CAMPBELL, J.—Appellant is a corporation organized under the laws of the state of Colorado for the purpose of conducting a building and loan business in the state of Colorado and in any other state of the United States in which it may desire to do business. In March, 1900, it sold to John Downs and Martha Downs, his wife, residents of Navajo county, Arizona, fifty shares of its stock, and upon their application made to them a loan of $4,000. To secure their note evidencing the loan Downs and wife executed a trust deed conveying certain real estate in Navajo county to Bromfield and Adams, as trustees. Thereafter they and their son, Benjamin Downs, became indebted to the firm of Lowenthal & Meyers of Albuquerque, New Mexico, and gave to that firm a note, securing it by a mortgage upon the same premises. Lowenthal and Meyers transferred the note and mortgage to the appellee the Meyers-Abel Company. In 1902 the Meyers-Abel Company brought suit against the Downs to foreclose their said mortgage, making the appellant herein and the trustees, Bromfield and Adams, parties. The complaint alleged that the appellant was a foreign corporation doing business in this territory, but had failed to comply with the law requiring it to file a certified copy of its articles of incorporation and an appointment of an agent, and prayed that the trust deed given by John and Martha Downs to secure their indebtedness to appellant be declared void. Appellant denied that it had failed to comply with the territorial law as alleged, and asked to have its deed of trust adjudged prior in right, and foreclosed. This cause was numbered 127, and is hereinafter referred to by that designation. The case came on for trial on October 9, 1905. There was introduced in evidence a certificate made by the territorial auditor, which recited that the "Industrial Building and Loan Association of Denver" had not filed in his office a copy of its articles of incorporation nor an appointment of an agent. The court entered judgment

foreclosing the mortgage of the Meyers-Abel Company, and decreed it to be a first and paramount lien upon the premises, and barred and foreclosed appellant and the trustees of all right, claim, or equity of redemption in the premises. On October 12, 1905, John and Martha Downs filed an answer to the cross-complaint of appellant, in which it had asked a foreclosure of its trust deed, setting up the failure of appellant to comply with the law regulating the doing of business of foreign corporations, and praying that the trust deed given by them to appellant be declared void. On the same day the case was tried, and judgment entered in accordance with the prayer of the complaint. Shortly after these judgments were rendered Martha and Benjamin Downs transferred the premises to appellee Nelson, as trustee, to secure an indebtedness. This action was brought by appellant to reopen the judgments rendered in cause No. 127. The complaint sets up the proceedings had in that cause, and states the facts to be that prior to the time that it made the loan to John and Martha Downs it had filed with the secretary of the territory a duly certified copy of its articles of incorporation and also an appointment of an agent, and that said articles and appointment of agent were on file and of record in the office of the territorial auditor (to which, by law, such records have been transferred) at the time said auditor made the certificate which was introduced in evidence in cause No. 127, but that its corporate name was and is "Industrial Building and Loan Association," and not "Industrial Building and Loan Association of Denver." Further allegations are made charging misconduct on the part of the attorney who had been employed by appellant and of other facts in support of its claim for equitable relief, which are not necessary in the consideration of this case to be here set forth. The complaint prays that the judgments in cause No. 127 be vacated; that the trust deed executed by John and Martha Downs be adjudged a first lien on the premises therein described, and for judgment foreclosing the trust deed. Upon the trial of this action the court found sufficient of the allegations of mistake and constructive fraud to be true to entitle the plaintiff to relief in equity against the judgments, save and except that it may not maintain this action, and had no right to maintain its action in cause No. 127, because that it had, during the year 1900, an agent soliciting

business in the territory and in different counties of the territory, and was doing and carrying on business during said year in Navajo county, and particularly at the time the loan was made, and, further, "that on or about the fourteenth day of January, 1897, it filed in the office of the secretary of Arizona a duly authenticated copy of its articles of incorporation, and on the same date the appointment of agent upon whom notices and processes, including summons, might be served, but that said plaintiff had not at the time of the execution of said mortgage, or prior thereto, or at any other time, complied with the laws of the territory of Arizona relating to foreign corporations by filing a duly certified copy of its articles of incorporation and the appointment of agent upon whom all notices and processes, including the service of summons, might be served with the county recorder of Navajo county, and that said plaintiff had not then, or at any time, published at least six times in some newspaper published in said Navajo county a copy of its articles of incorporation, duly certified." The court further found that appellant has never had an office in the territory. It is not found that it has ever had or proposed to have a definite location for its business in the territory. As a conclusion of law the trial court held that appellant, not having complied with the law of the territory relating to foreign corporations, in that it had failed and neglected to file with the county recorder of Navajo county a copy of its articles of incorporation and an appointment of an agent, as required by chapter 7 of the Revised Statutes of Arizona of 1887, that the trust deed sought to be foreclosed is null and void, and that it was without right to prosecute its action for the vacation of the judgments. From the judgment entered dismissing its petition, and from the refusal of the court to grant a new trial, this appeal is brought.

Many questions are sought to be raised by appellant, but the determination of one of them is decisive of this case, since the trial court has found facts sufficient to warrant setting aside the judgments in cause No. 127, unless appellant is barred from maintaining its action by reason of its failure to file a copy of its articles of incorporation and appointment of agent with the county recorder of Navajo county. The Revised Statutes of 1887, which were in force at the time the loan was made, though since repealed, imposed upon foreign

corporations doing business within this territory the following requirements:

"347. (Sec. 1.) Any company incorporated under the laws of any other state or territory, for any enterprise, business pursuit or occupation, proposed to be carried on, or the principal office or place of business is proposed to be located, within this territory, shall make and file certified and duly authenticated copies of their articles of incorporation, with the secretary of this territory, and the county recorder of the county in which its business or principal office is located.

"348. (Sec. 2.) It shall be the duty of any association, company or corporation organized or incorporated under the laws of any other state or territory or foreign country for the purposes of engaging in or carrying on any enterprise, business, pursuit or occupation, or acquiring, holding or disposing of any property within this territory, to file with the secretary of this territory and the county recorder of the county in which such enterprise, business, pursuit or occupation is proposed to be located, or is located, the lawful appointment of an agent, upon whom all notices and processes, including service of summons, may be served, and when so served shall be deemed taken and held to be a lawful personal service on such association, company or corporation for all purposes whatsoever.

"349. (Sec. 3.) No corporation such as is mentioned in section one of this chapter shall transact any business whatsoever in this territory until and unless it shall have first filed its articles of incorporation and appointment of an agent as required in the two preceding sections, and every act done by it prior to the filing thereof shall be utterly void."

This statute required a foreign corporation incorporated for the purpose of engaging in or carrying on any enterprise, business pursuit, or occupation in this territory to file a copy of its articles of incorporation and an appointment of an agent with the secretary of the territory. It was also required to file the same with the recorder of the county in which its office or business was located. It appears that appellant had never had an office within the territory; that such business as it has transacted has been obtained through a solicitor who traveled through the various counties; that, when a loan was desired, the application was made to the office of the company in

Colorado and further negotiations carried on by mail. The notes given to evidence the loan were payable at the office in Colorado. Can it be said that the business of appellant was located in Navajo county? Webster defines "locate" as "to place; to set in a particular site or position; to designate the site or place of." And by the Century Dictionary it is defined: "To fix in a place; establish in a particular spot or position; to fix the place of; to reside; to place one's self or be placed; adopt or form a fixed residence." As we have said, appellant maintained no office in Navajo county, and so far as disclosed has had but the single transaction in that county. If a foreign corporation had an office or its enterprise was definitely located in one county, it was required to file a copy of its articles and appointment of agent with the recorder of that county; but the statute did not require it to file such copy and appointment in each of the other counties to which its enterprise might lead it to transact business. If it had no definite location within the territory, was it required to file such copy and appointment in each county in which it proposed to have a transaction? We think not. We are of opinion that, unless a foreign corporation had an office, or its enterprise had or proposed to have some established location within the territory, it complied with the requirements of the statute by filing with the secretary of the territory a copy of its articles of incorporation and an appointment of agent; that the requirement as to the filing of such with the county recorders had no application to corporations which effected their transactions solely through traveling solicitors or correspondence. We think this view was entertained by this court in *Babbitt* v. *Field*, 6 Ariz. 6, 52 Pac. 775, although the decision turned upon another point.

It was pleaded, and the court finds, that appellant has not complied with the requirements of the Revised Statutes of 1901, and it seems to have been urged upon the trial court that the failure to so comply precludes it from maintaining this action. The statutes now in force differ materially from those which were in force at the time the loan involved in this action was made. It is now required that a foreign corporation file a copy of its articles of incorporation with the territorial auditor and with the recorder of each county in which it proposes to carry on any business whatsoever, and that the articles

be published at least six times in a newspaper published in each of such counties. It is further required that a foreign corporation of the character of appellant file with the territorial treasurer a bond in the sum of $50,000 for the security of resident stockholders. It is the undisputed testimony that the appellant has transacted no new business in the territory since the Revised Statutes of 1901 became effective. To require it to comply with the provisions of the Statutes of 1901 as a condition to maintaining its action would impair the obligation of its contract. *Bedford* v. *Eastern Bldg. & Loan Assn.*, 181 U. S. 227, 21 Sup. Ct. 597, 45 L. Ed. 834.

The judgment of the district court is reversed, and the cause remanded, with directions to set aside the judgments in cause No. 127, and to take such further proceedings as are equitable.

KENT, C. J., and NAVE, J., concur.