[Civil No. 1314.  Filed March 16, 1914.]

[139 Pac. 461.]

THE LINCOLN TRUST COMPANY OF NEW YORK, a Corporation, Trustee, as Executor and Ancillary Administrator of the Estate of KATE TAYLOR GRANNIS, Deceased, Appellant, v. GADDIS & PERRY COMPANY, a Corporation, Appellee.

1. EXECUTORS AND ADMINISTRATORS—COLLATERAL ATTACK ON APPOINTMENT—FOREIGN CORPORATION.—Under Constitution, article 6, section 6, providing that the superior court shall have original jurisdiction of all matters of probate, and Civil Code of 1901, paragraph 1598, providing that wills must be proved and letters of administration must be granted in the county in which any part of a nonresident decedent's property is situated, the action of the superior court in appointing a foreign corporation, conceding it to be invalid, as ancillary admininstrator of property in the state of a nonresident decedent dying without the state cannot be attacked in a suit by the administrator to recover, under Civil Code of 1901, paragraphs 4108–4127, property of the decedent in the state.

2. EXECUTORS AND ADMINISTRATORS—PRESUMPTIONS AS TO JURISDICTION.—Everything consistent with the probate record of the superior court which would have warranted it in appointing an ancillary administrator will be presumed to have been found and acted upon by the court.

APPEAL from a judgment of the Superior Court of the County of Mohave. Carl G. Krook, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. Wm. M. Seabury and Mr. Ross H. Blakely, for Appellant.

Mr. E. S. Clark and Mr. J. Ralph Tascher, for Appellee.

FRANKLIN, C. J.—The Constitution provides that the superior court shall have original jurisdiction of all matters of probate. Const. art. 6, sec. 6. Paragraph 1598, Revised Statutes of Arizona of 1901, provides that wills must be proved and letters testamentary or of administration granted: "'1. . . . 2. In the county in which the decedent may have died leaving estate therein, he not being a resident of the territory (state). 3. In the county in which any part of the estate may be, the decedent having died out of the territory (state) and not resident thereof at the time of his death. 4. . . . 5. . . .'"

It appears from the complaint before us that on August 9, 1910, one Kate Taylor Grannis died testate, leaving her will in the possession of the plaintiff, it having been appointed trustee under the will; that on April 22, 1912, the superior court for Mohave county, Arizona, admitted the will of the deceased to probate, and thereupon appointed the appellant as ancillary administrator within the state of Arizona, and said county of Mohave, and issued letters testamentary to it, and that it ever since has been and now is the qualified and acting ancillary administrator of said estate; that appellant, the Lincoln Trust Company of New York, is a corporation organized and existing under the laws of the state of New York.

The plaintiff instituted this action in its capacity as trustee, and also as executor and ancillary administrator of the estate of Kate Taylor Grannis, deceased. The action was brought under chapter 2, title 71, Revised Statutes of Arizona of 1901, its purpose being to recover possession of a lot of land in the town of Kingman, Mohave county, Arizona, with damages for its use and occupation; the property described being of the estate of said Kate Taylor Grannis at the time of her death.

To the complaint the defendant interposed a general demurrer, which was sustained and, the plaintiff declining to amend, resulted in a judgment dismissing the action. The

assignment here is that the court committed error in sustaining the demurrer, for the reason that the complaint states facts sufficient to constitute a cause of action. Odd as it may seem, the argument of appellee is not addressed to the insufficiency of the averments in the complaint to state a cause of action under the chapter quoted concerning actions for the recovery of real property. The contentions pressed by appellee are that it appears upon the face of the complaint that plaintiff is a foreign corporation, organized and doing business under the laws of New York, and that such a corporation cannot be or act as administrator; also that, granting a foreign corporation may, on complying with the laws of Arizona entitling it to a license to do business in this state, be appointed administrator, it must, in order to state a cause of action in any suit brought by it in its representative capacity, allege a compliance with such laws.

We must speak, but, in the aspect of the record as it is before us, the abstruse question is: What is one to say? In a different way of putting it, the difficult thing here is a grasping of the fact, and not the fraction or tincture of the fact. The propositions adduced by appellee would, perhaps, be of consequence in other situations, but on the present appeal they enter into the Valley of the Shadow of—of Nothing-at-all. Now, let us see. Had the complaint been by a foreign corporation on a cause of action arising out of any business, enterprise or occupation carried on or transacted in this state, problems of moment would confront us. If such complaint omitted to allege compliance with the laws of Arizona entitling it to do business here, and the pleading was opposed by general demurrer, the answer would call for the solution of a number of questions: (1) Is the failure to allege omitted facts obnoxious to a general demurrer? (2) Does such a matter go to plaintiff's capacity to sue, and, under the provisions of the code, could such defect be reached other than by demurrer on the ground that plaintiff has no legal capacity to sue, if the defect appeared upon the face of the complaint; and if such defect did not so appear, then by appropriate answer making the want of such capacity to sue an issue in the case? Likewise, if the contentions of appellee were placed in an action to revoke the letters of administration granted to appellant, or on an appeal from the

order making such appointment, the competency of the one appointed and the validity of the appointment would necessarily have to be determined. The situation here, however, is different. It is perceptible that plaintiff does not sue as a foreign corporation on a cause of action arising out of any business, enterprise or occupation transacted or carried on in this state, but it sues as the administrator of the estate of Kate Taylor Grannis, deceased, by appointment of the superior court of Mohave county, being however, a foreign corporation. Therefore, we are not concerned with an observance of the laws relating to foreign corporations entitling such corporations to do business in this state, but we are interested in the jurisdiction of the superior court in matters of probate and its exercise of such jurisdiction in the case at bar. If we ascertain that the court did have jurisdiction of the subject matter and the estate of Kate Taylor Grannis, deceased, then a solution of the problems presented is at hand.

In approaching the question, we must not deny the well-known distinction between an erroneous act or judgment by a court having jurisdiction and cognizance of the subject matter and the act or judgment of a tribunal having no jurisdiction or cognizance of the subject. The contentions here depend on the answer to this one question: Did the superior court of Mohave county have jurisdiction of the subject matter and of the estate on which it acted? The superior court is a court of general jurisdiction. It has jurisdiction or cognizance of all matters of probate. It is a court in which letters testamentary and of administration are granted. Upon an application for letters, the court must hear and determine the matter. It must reject or admit the claim according to its judgment of the law. Its judgment may not be correct, but it nevertheless is the judgment of a court of general jurisdiction, and, when exercised in such a case, it is exercised on a subject within its jurisdiction and cognizance. The fundamentals of such jurisdiction in the case before us are that the person is dead, and that she left estate in Mohave county; the decedent having died out of the state, and not being a resident thereof at the time of her death. It is not contended that such facts are absent, and,

indeed, on this record they will be presumed to have existed and to have been found and acted upon by the court.

Everything consistent with the record which would have warranted the appointment of the appellant will be presumed to have been found and acted upon by the superior court sitting in probate. In this case it is clear that letters testamentary or of administration must be granted to someone by the superior court of Mohave county, having jurisdiction of the subject matter, and, though they should be granted to one not entitled by law, still the act is binding until annulled by competent authority, because the court had jurisdiction and cognizance of the subject matter and of the estate, and, even though exercising it improperly, its judgment would be at most, only erroneous and voidable, but not void. If the court had acted without jurisdiction, of course, the appointment would have been utterly void and subject to attack at any time, but, acting within its jurisdiction, though conceding it acted erroneously, the error may not be assailed by collateral attack. There may be some difficulty in marking the precise line of distinction in which it may be said that a court of general probate jurisdiction has acted upon a subject not within its cognizance; the most familiar illustration being when letters of administration are granted upon the estate of a person in full life, so that its judgment, being void, may be attacked otherwise than in a direct proceeding. Others, perhaps, might be used, but no other illustration that could be given would place appellant's case within it, so we shall be patient and await the drawing of such distinction until the necessities of the particular case demand it; suffice it to say that a marking of the precise line here is not required. We shall refer to some judicial discussions on the subject uppermost in this case.

In the case of *Simmons* v. *Saul,* 138 U. S. 439, 34 L. Ed. 1054, 11 Sup. Ct. Rep. 369, one of the points relied on was that the administrator appointed by the court was not the public administrator, who, under the laws of Louisiana then in force, was the only person to whom such administration could be committed. In answering the question, the court quoted the language of Mr. Justice FIELD in *Comstock* v. *Crawford,* 3 Wall. 396, 18 L. Ed. 34: "It is well settled that, when the jurisdiction of a court of limited and special au-

thority appears upon the face of its proceedings, its action cannot be collaterally attacked for mere error or irregularity. The jurisdiction appearing, the same presumption of law arises that it was rightly exercised as prevails with reference to the action of a court of superior and general authority. . . . Whether there was a widow of the deceased, or any next of kin, or creditor, who was a proper person to receive letters if he had applied for them, or whether there was any public administrator in office authorized or fit to take charge of the estate, or to which of these several parties it was meet that the administration should be intrusted, were matters for the consideration and determination of the court; and its action respecting them, however irregular, cannot be impeached collaterally.'' Again, quoting from Mr. Justice SWAYNE, speaking for the court in *McNitt* v. *Turner,* 16 Wall. 366, 21 L. Ed. 341: ''Jurisdiction is authority to hear and determine. It is an axiomatic proposition that, when jurisdiction has attached, whatever errors may subsequently occur in its exercise, the proceeding, being *coram judice,* can be impeached collaterally only for fraud. In all other respects it is as conclusive as if it were irreversible in a proceeding for error.''

In *Patch* v. *Wabash R. R. Co.,* 207 U. S. 277, 12 Ann. Cas. 518, 52 L. Ed. 204, 28 Sup. Ct. Rep. 80, it was held that the provision of the Illinois statute ''that no nonresident of this state shall be appointed or act as administrator or executor'' does not make the appointment of a citizen of Ohio subject to collateral attack upon a plea by such appointee to the jurisdiction of the United States court.

It was said in *Wight* v. *Wallbaum,* 39 Ill. 554, and quoted with approval in *Salomon* v. *People,* 191 Ill. 290, 61 N. E. 83, ''that the probate court, having jurisdiction, and being empowered to act, by granting or refusing to grant letters of administration, the person to whom such letters are granted becomes at least an administrator *de facto,* and the regularity of his appointment cannot be questioned in a collateral proceeding. On an application to revoke the letters, or on an appeal from the order granting the letters, all of the objections urged against their validity would be properly considered.''

"That a person applying for letters is a nonresident is good ground for opposing his appointment, and good cause for removing him after he has been appointed, but his acts as administrator, when once appointed, are neither void nor voidable, and could not be set aside for that reason. This is so, even where the acts are attacked during the progress of the administration, and for a much stronger reason it is not ground for setting them aside on collateral attack after the administration has been closed." *Meikle* v. *Cloquet,* 44 Wash. 513, 87 Pac. 841.

In the case of *Johnson* v. *Beazley,* 65 Mo. 250, 27 Am. Rep. 276, the court said: "Having a general jurisdiction over the subject matter, and the law requiring the court to pass upon these questions, before granting letters of administration on his estate, it is to be exclusively presumed, in a collateral proceeding, that the court not only did so, but that it correctly passed upon them."

A question was before the court in *Broughton* v. *Bradley,* 34 Ala. 694, 73 Am. Dec. 474, viz.: Was the appointment void or voidable? The court said: "The question above propounded, then, is solved by answering another question: Had the probate court jurisdiction to make the appointment? We hold that the jurisdiction of the court to make the appointment depends, not on the selection of the person to be clothed with the trust, but on the authority of the particular court to appoint 'a personal representative' of the estate. 1 Williams on Executors, 491; *Miller* v. *Jones,* 26 Ala. 247; *Leonard* v. *Leonard,* 14 Pick. (Mass.) 280; *Emery* v. *Hildreth,* 2 Gray (Mass.), 228; *Sharpe* v. *Hunter,* 16 Ala. 765."

The supreme court of Nebraska has held that the appointment of a corporation as executor is not contemplated or authorized by that state, and, by way of *dictum,* stated that such an appointment could be collaterally assailed. But on rehearing, after argument, modified the opinion by eliminating the *dictum,* and leaving the question of collateral attack *res integra. Continental Trust Co.* v. *Peterson,* 76 Neb. 411, 107 N. W. 786, 110 N. W. 316. There are a number of authorities affirming the doctrine that because an executor or administrator appointed by the probate court having jurisdiction of the subject matter and of the estate is incompetent, that fact does not render the appointment subject to collat-

eral attack.   *Union Savings Bank etc. Co.* v. *Western Union Tel. Co.*, 79 Ohio St. 89, 128 Am. St. Rep. 675, 86 N. E. 478; *Jacobs* v. *Bentley*, 86 Ark. 186, 126 Am. St. Rep. 1086, 110 S. W. 594; *Hare* v. *Shaw*, 84 Ark. 32, 120 Am. St. Rep. 17, 104 S. W. 931; *Livermore* v. *Ayres*, 86 Kan. 50, 119 Pac. 549; *Griesel* v. *Jones*, 123 Mo. App. 45, 99 S. W. 769; *Cicerello* v. *Chesapeake etc. R. Co.*, 65 W. Va. 439, 64 S. E. 621.

The appellant having been appointed administrator by a court having general jurisdiction of the subject matter and cognizance of the estate, it is empowered by the law to maintain the action. Paragraph 1826, Revised Statutes of Arizona, as amended by chapter 37, Laws of Arizona of 1905, provides: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine an adverse claim thereon, and all actions founded upon contracts, may be maintained by or against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates."

Finally, the contentions of appellee are conveniently riddled down to one. Can the order of the superior court for Mohave county, having jurisdiction of the subject matter and of the estate of the deceased, appointing the appellant administrator (though conceding the appointee incompetent, which, of course, is not here decided) be assailed in this wise? Such is the proper limitation of this decision. We hold that it cannot, and from a consideration of the reasons given in the authorities quoted it doth appear to us that appellee has spun a rope of sand, which must not detain us further from pronouncing judgment.

The judgment is reversed and remanded, with instructions to overrule the general demurrer to the complaint, and further proceed in accordance with the law.

ROSS, J., concurs.

CUNNINGHAM, J., Concurring Specially.—I concur in the result reached by the majority, for the following reasons:

Paragraph 4112, Revised Statutes of Arizona of 1901, provides that, in an action for the recovery of real property: "The complaint may state generally that the complainant is

entitled to the possession of the premises, describing them, also
the quantity of his estate and the extent of his interest
therein, and that the defendant unlawfully keeps him out of
possession, and the damages, if any, which he claims for with-
holding the same. . . . ''

The complainant alleges that plaintiff since "August 9,
1910, continuously has been and now is the sole and lawful
owner of the said premises, and of each and every part
thereof, and entitled to the possession of the same." This is
a general statement that the complainant is entitled to the
possession of the premises. In a prior paragraph the prem-
ises are described. The quantity of its (his) estate and the
extent of its (his) interest therein are set forth to the effect
as follows: That on and before the ninth day of August, 1910,
one Kate Taylor Grannis was the owner of and in possession
of the described premises. On said date Kate Taylor Gran-
nis died testate, leaving a will bearing date of December 12,
1906, by the terms of which will the testatrix devised said
premises in fee simple to the plaintiff as trustee to the use
and benefit of the next of kin and heir at law of testatrix.
That on the twenty-second day of April, 1912, said last will
of Kate Taylor Grannis, deceased, was duly proved and ad-
mitted to probate by the superior court of the county of
Mohave, and at the same time plaintiff was duly appointed,
by an order made and entered in said court, as ancillary ad-
ministrator of the estate of the said decedent; that letters of
administration were duly issued to it, and it is now the duly
appointed, qualified and acting ancillary administrator of
said estate.

The general statements that the premises were devised to it
by will, and the will has been duly proved and probated, and
the allegations stating that plaintiff has been duly appointed
administrator of the estate, and is still such administrator
are allegations of facts showing that plaintiff is a person hav-
ing a valid, subsisting interest in the real property described,
entitling plaintiff, in that respect, to maintain this action for
the recovery of the property described. Par. 4109, Ariz. Rev.
Stats. 1901. The quantity of its estate and the extent of in-
terest therein appear from the alleged facts that it claims title
in fee simple, as trustee for the use and benefit of the next

·of kin and heir at law of testatrix, and also as administrator
of the estate.

Appellee contends that the complaint is open to a general
demurrer, because upon the face of the complaint it appears
that plaintiff is a foreign corporation, but fails to appear
upon its face that plaintiff has complied with the laws of Ari-
zona respecting foreign corporations, so that it is now entitled
to exercise the prerogatives of an administrator in Arizona;
and that appellant's allegations that it is a foreign corpora-
tion, taken with the fact that it fails to allege compliance
with said laws of Arizona, is, in effect, an affirmative declara-
tion that every act it has done in Arizona is null and void;
that this is an essential defect appearing upon the face of
the complaint, and amounts to a failure to state a cause of
action, and, for that reason, the complaint is fatally defective.
I do not agree to the force of this argument. The complaint
upon its face shows that plaintiff has been appointed admin-
istrator of the estate by a court of competent jurisdiction,
and as such administrator prosecutes this action. Also that
it is prosecuting this action as and in the capacity of owner
of the property; having acquired title thereto through a will
duly established by the judgment of a competent court. The
question attempted to be raised upon a general demurrer is
not the sufficiency of the statement of facts to constitute a
cause of action, but it questions the right of the plaintiff to
maintain this action at all, in the capacity in which it sues.

If upon the face of the complaint it appears " . . . that
the plaintiff has not the legal capacity to sue," the defend-
ant may demur thereto. Par. 1351, subd. 2, Ariz. Rev. Stats.
1901. The objection to this complaint is clearly that, by
reason of the failure of the complaint to show on its face that
plaintiff has complied with the laws relating to the right of
a foreign corporation to transact business in Arizona, the
complaint is demurrable. The failure to state such facts as
authorize the plaintiff to maintain the action as administrator
is clearly the true meaning of this objection. The general
demurrer does not reach this question, but it must be reached
by a demurrer in its nature a special demurrer, alleging that
from the face of the complaint it appears that plaintiff has
not the legal capacity to sue. If such demurrer was in the
record before this court, it could not be sustained, for the

reason the complaint alleges that the plaintiff has been duly appointed, and is the duly appointed, qualified and acting administrator of said estate—a sufficient allegation *prima facie* to authorize it to maintain this action in the capacity of administrator, when attacked by a demurrer upon that ground.

The defendant could have raised the question of the plaintiff's legal right to maintain the action in the capacity in which it sues by answer duly verified, unless the truth of the pleadings appear of record. No such answer has been filed, verified or otherwise. The general demurrer should have been overruled. The complaint sufficiently states a cause of action as measured by a general demurrer.

For the foregoing reasons, I concur in the orders made herein.

---

NOTE.—For authorities on the question of foreign corporation as executor or administrator, see note in 24 L. R. A. 291. And on the question of nonresidents as executors, generally, see note in 1 L. R. A., N. S., 341.