HILDRETH GRANITE COMPANY

*v.*

FREEHOLDERS OF HUDSON et al.

[Argued November Term, 1916. ∴ Decided March 5th, 1917.]

1. The notice required by the Municipal Lien law (*3 Comp. Stat. p. 3317 § 2*) need not be delivered personally to the chairman of the board of freeholders. It is sufficient if it be filed in his office by delivery to a person in charge thereof.

2. The provision of the Corporation act relative to suits by foreign corporations (*2 Comp. Stat. p. 1658 § 98*) does not apply to contracts made outside of this state.

3. A single sale does not mean transacting business within the meaning of *2 Comp. Stat. p. 1658 § 98.*

4. The time limit of fifteen days fixed in the Municipal Lien law for the filing of notice of claim (*3 Comp. Stat. p. 3317 § 2*) applies not only when the work has been completed, but also when the work has not been completed and the contractor has abandoned it, but what has been done has been accepted by the municipality.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson.

*Mr. Harry Lane,* for the appellant.

*Mr. Marshall Van Winkle,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case is from a decree entered in a suit brought under the Municipal Lien law. *Comp. Stat. p. 3315.* The situation developed by the proofs was as follows: One Edward P. O'Neill entered into a contract with the board of freeholders for the improvement of a public road in Hudson county. The Hildreth Granite Company furnished to the con-

tractor blocks to be used on the improvement; the firm of Maher & McNichols furnished curbing to be used on the job, and the Edison Portland Cement Company furnished cement for a like use. O'Neill, the contractor, having completed the work, and having failed to pay these three subcontractors the amounts due them, respectively, they each filed a notice of their claim against the contractor for the purpose of establishing a lien upon funds in the hands of the board appropriated to this work of improvement, but not yet paid over to the contractor, and then instituted proceedings under the statute referred to. Upon the hearing in the court below it was adjudged that the Hildreth Granite Company was entitled to be paid the amount of its claim out of the fund in the hands of the county, but that neither the firm of Maher & McNichols nor the Portland Cement Company had established a lien upon the fund, and that they were neither of them entitled to share in its distribution.

The Portland Cement Company is content to abide the judgment of the court of chancery, but the firm of Maher & McNichols appeals.

The first ground of appeal is that the decree, so far as it adjudges the right of the Hildreth Granite Company to payment, is without legal support—*first,* because that company failed to file its notice of claim in the manner required by the statute, and *second,* because it had no status to maintain a suit in this state for the collection of its debt.

The validity of the first contention depends upon the true construction of section 2 of the act under which the litigation was brought. The provision thereof is that

"at any time before the whole work to be performed by the contractor is completed or accepted by the municipality, and within fifteen days after the same is so completed or accepted, any claimant may file with the chairman or head of the department, council, board, bureau or commission having charge of said work, notices stating the residence of the claimant, verified by his oath or affirmation, stating the amount claimed, from whom due," &c.

The proofs showed that the Hildreth company notice was filed in the office of the clerk of the board of freeholders within the time limited by the statute. The argument is that in order to

make the filing valid it should have been delivered personally to
the director of the board of freeholders, who is the chairman of
that board, and that failure in this regard makes the notice a
nullity.

We think this contention without merit. The language of
the statute is that the claimant may *file* with the chairman of the
board notice of his claim, not that such notice shall be *served*
upon the chairman. The direction to file implies the existence
of a place for the keeping of the files of the officer designated.
The uncontradicted evidence is that the director of the board of
freeholders keeps his files in the office of the clerk of the board.
That office, therefore, is the proper place in which to file a claim
with the director. The fact that he is not personally present at
the time of the filing is immaterial. Its delivery to the person
in charge of the office for the purpose of having it there filed
is a compliance with the statute, just as the delivery of a notice
of trial at the office of the clerk of the court to a person then in
charge thereof is a filing of the notice with the clerk.

The other contention is based upon the fact that the Hildreth
Granite Company is a corporation of the State of Massachusetts;
that it has failed to comply with the provisions of the supple-
ment to the Corporation act, approved March 14th, 1895 (*Comp.
Stat. p. 1658*), which requires foreign corporations, before trans-
acting any business in any manner whatsoever in this state, to
file certain papers in the department of state, and thereupon to
receive from the secretary of state a certificate showing that it
has complied with all the requirements of this supplement; and
prohibiting any corporation that has not complied with the stat-
ute from maintaining any action in this state upon any contract
made by it in this state. The provisions of this statute, however,
are not applicable to the Hildreth Granite Company so far as its
right to maintain the present proceeding is concerned. In the
first place, the preponderance of the evidence is in favor of the
conclusion that the contract which it made with Mr. O'Neill was
entered into not in this state but in the state of its domicile.
The statute only deals with contracts made in this state by a
foreign corporation. *Faxon* v. *Lovett, 60 N. J. Law 128; Low*

v. *Davy, 83 N. J. Law 542.* But even if the evidence had justified a contrary conclusion, the appellant's contention is without support. No attempt was made to show that the Hildreth Granite Company had ever transacted any business in this state with anybody, except in the making of the contract which is the basis of its present claim; and it has already been decided by this court that a foreign corporation which makes a single sale of its product in this state does not transact business herein within the meaning of the statute. *Delaware and Hudson Canal Co.* v. *Mahlenbrock, 63 N. J. Law 281.*

The appellant also alleges as a reason for reversal that the court of chancery erred in holding that its notice was not filed in accordance with the statute.

The work of the contractor was completed on the 31st day of October, 1914. It was accepted by the board of freeholders on the 7th day of December following. The appellant's notice was filed on the 25th day of November—that is, twenty-five days after the work was completed, and twelve days before it was accepted. The pertinent provision of the statute, which has been above recited, is that within fifteen days after the work "is completed or accepted," the claimant may file with the chairman, &c., his notice of claim. It is to be observed that the phrase "completed or accepted" is in the disjunctive, and is intended, as we think, to meet two different conditions; one, where the contract has been fully performed by the contractor; and the other where he has defaulted in full performance, but the municipality has accepted the work so far as it has been done. In the first case—that is, where the work has been completed, the claimant is required to file his notice within fifteen days after the date of completion. In the other case, where the work has not been completed, where the contractor has abandoned it, but where what has been done by him is accepted by the municipality, the claimant must file his notice within fifteen days after such acceptance. In the pending case the work, as has already been stated, was completed on the 31st of October. In order to give validity to the appellants' notice they were required to file it on or before the 15th of November. They failed to do so until the expiration

of ten days beyond that time. We agree with the vice-chancellor, therefore, that the statutory provision was not complied with by them, and that they were not entitled to the lien which they claimed.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.

*For reversal*—None.