# WILLIAM H. BADEN

*vs.*

## THE WASHINGTON LOAN AND TRUST COMPANY, a Corporation.

*Foreign corporate trustee: selling trust property in Maryland;
not "doing business" in sense of Sections 93 and 94 of
Article 23 of the Code.  Foreign corporations:
right to sue in Maryland; comity.*

Where a foreign corporation has been made trustee of an estate, located mainly in the place of its domicile, its mere entrance as a corporation into Maryland, for the purpose of selling some of the trust property here located, does not place the corporation in the position of "doing business" in the State, so as to bring it within the class of such corporations included in Section 93 of Article 23 of the Code, relating to the filing of preliminary certificates, etc.                               p. 606

The principle of comity requires the admission of foreign corporations to our courts for the protection and enforcement of their rights or interests.                               p. 607

Section 94 of Article 23 of the Code does not apply to a foreign corporation seeking to sell or dispose of some of its trust property situated in this State.                               p. 607

*Decided January 16th, 1919.*

Appeal from the Circuit Court for Montgomery County.
In Equity.  (PETER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Robert B. Peter,* for the appellant.

*Arthur Peter,* for the appellee.

URNER, J., delivered the opinion of the Court.

The Washington Loan and Trust Company is a corporation of the District of Columbia empowered by its charter to conduct a safe deposit, loan and mortgage business and to accept and execute trusts of every description. It is the residuary devisee and legatee, upon certain trusts, under the will of Brainard H. Warner, deceased. Included in the estate which passed to the trustee under the will was an undivided interest of the testator, which he held as tenant in common, in a number of lots of ground at Takoma Park, in Montgomery County, Maryland. In the exercise of a power of sale and exchange conferred by the will, the trustee joined with the other co-tenants of the lots in a deed of partition by which some of the lots were vested in the trustee in severalty. One of the lots thus acquired was later sold by the trustee to the appellant in this case, who, having questioned the vendor's ability to convey a good title having declined on that ground to consummate his purchase, was made defendant in this apparently amicable suit for specific performance. The appeal is from a decree, on bill and answer, sustaining the validity of the title and enforcing the contract of sale.

The only objection urged against the title on appeal was based on the theory that the trust company, as a foreign corporation, has not become authorized to execute in this State, and as to property within its limits, the power of sale conferred by the will. The contention is that it would be contrary to the policy of our laws to permit a foreign trust company to conduct and enforce a sale of property in this State, except after complying with the statutory requirements to which corporations of that class, regularly engaged in business here, are subject. It does not appear from the record that the Washington Loan and Trust Company has performed any of the conditions which are prerequisite under

our statutes to the prosecution of the business of a trust company in Maryland. Neither is it shown to have undertaken or contemplated any transaction in this State apart from the disposition of the property with which, in part, we are now concerned.

The general policy of Maryland with respect to foreign corporations is defined by Section 66 of Article 23 of the Code, as follows: "No foreign corporation shall engage or continue in any kind of business in this State, the transaction of which by domestic corporations is not permitted by the laws thereof. And every foreign corporation doing business in this State shall be deemed thereby to have assented to all the provisions of the laws thereof." It is further provided by section 93 of the same Article, that every foreign corporation "which has a usual office or place of business in this State, except insurance companies," for which other provisions are made, "shall, before doing business herein," file with the Secretary of State a certified copy of its charter, and a certificate, to be renewed annually, containing certain information as to its organization, stock and stockholders, its principal office in this State and in that of its incorporation, and the appointment of a resident agent with authority to accept service of process. By Chapter 469 of the Acts of 1918, amending Section 167 of Article 81 of the Code, a franchise tax is levied upon safe deposit and trust companies, of foreign as well as of domestic origin, "which are doing business in this State."

The question of primary importance in the case is whether the corporate act involved in the sale by the Washington Loan and Trust Company of the property in Maryland acquired by it in the manner described is to be regarded as the prosecution of its business within the meaning of the statutes imposing the requirements to which we have referred. In other words, the inquiry is whether it is necessary for the trust company, before it can legally sell the lot mentioned in the bill, to comply with all the conditions required of for-

-eign trust companies which enter this State for the purposes
of their regular and continuing business activities.

In 19 *Cyc.* 1268 it is said to be the general conclusion of
the courts that "isolated transactions, commercial or other-
wise, taking place between a foreign corporation domiciled in
one State and citizens of another State, are not a doing or
carrying on of business by the foreign corporation within the
latter State, even, according to the weight of authority, where
the transaction is of such a character as to constitute a part
of the ordinary business of the corporation." The effect of
the decisions on this subject is thus stated in 12 *Ruling Case
Law,* p. 69: "It seems to be the consensus of opinion that a
corporation, to come within the purview of most statutes
prescribing conditions on the right of foreign corporations to
do business within the State, must transact therein some sub-
stantial part of its ordinary business, which must be contin-
uous in the sense that it is distinguished from merely casual
or occasional transactions."

In the case of *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727,
where the question was whether a contract of sale made in
Colorado by an Ohio corporation was valid in view of a stat-
ute of the former State requiring foreign corporations, before
doing any business therein, to file certificates designating
their places of business and resident agents on whom process
could be served, the Supreme Court said: "To require such
a certificate as a prerequisite to the doing of *a single act of
business* when there was no purpose to do any other business
or have a place of business in the State would be unreason-
able and incongruous."

In *Central of Ga. R. Co.* v. *Eichberg,* 107 Md. 363, a for-
eign corporation was held to be transacting business in this
State within the meaning of the statute relating to suits and
service of process against such corporations, because the acts
there considered were found not to be "occasional or acci-
dental, merely," but a part of the company's "regular, usual
and ordinary business." A similar conclusion was reached in
*State* v. *Penna. Steel Co.,* 123 Md. 212, because the foreign

corporation there concerned was engaged generally in this State in its construction work and in the sale of its products. But in *Crook* v. *Girard Iron Co.,* 87 Md. 138, a foreign corporation which had made a single purchase of machinery in Maryland was held not amenable to suit and process under the statute just mentioned. It was held in *Hieston* v. *Nat. City Bank of Chicago,* 132 Md. 389, that the bringing of a suit in a Maryland Court by a national bank organized and domiciled in another State, is not the doing of business here within the intent of the Code provisions we have first cited.

Among the latest cases supporting the view that casual and isolated transactions are not within the purview of statutes imposing conditions upon foreign corporations "doing business" in the State so legislating are: *Dover Lumber Co.* v. *Whitcomb* (Mont.), 168 Pac. 947; *Hildreth Granite Co.* v. *Freeholders of Hudson* (N. J.), 100 Atl. 158; *Martin* v. *Bankers Trust Co.* (Ariz.), 156 Pac. 87; *Mergenthaler Linotype Co.* v. *Hays,* 182 Mo. Appls. 113; 168 S. W. 239.

The corporate act now under consideration is the sale of property constituting a part of a trust estate which appears to be mainly located in the District of Columbia. The sale is merely incidental to the execution of a trust which had its inception, and is being principally administered, at the domicile of the foreign corporation charged with that duty. It is not a trust that was created or accepted in Maryland, and the only occasion for the entrance of the trustee into this State is to dispose of property within its limits forming part of the trust assets. In our opinion this does not place the trust company in the position of doing business in this State and bring it within the requirements of our statutes referring to corporations so engaged.

Apart from the statutes upon which the appellant relies, and which we find to be inapplicable to the conditions now presented, there is nothing in the provisions or policy of our State legislation that prevents the admission of the Washington Loan and Trust Company to our courts for the enforcement or protection of its rights and interests. The prin-

ciple of comity upon which such a privilege is accorded to a foreign corporation has been fully recognized by this Court. *Patapsco Elec. Co.* v. *Baltimore,* 110 Md. 310; *Hannis Distilling Co.* v. *Baltimore,* 114 Md. 684.

The Court of Appeals of the District of Columbia, in the case of *Eastern Trust & Banking Co.* v. *Willis,* 6 Appeal Cases, D. C., 375, upheld the right of a Maine corporation to execute a trust in the District, as to real estate there situated, under a deed of trust securing bonds issued by another corporation. While the judgment of the Court of Appeals in that case was reversed by the Supreme Court of the United States, the reversal was upon grounds which involved no question as to the propriety of the ruling upon the right of the foreign trust company to perform the trust in the District of Columbia. *Willis* v. *Eastern Trust & Banking Co.,* 169 U. S. 295.

The prohibition in Section 94 of Article 23 of our Code against the maintenance of suits in the courts of this State by such foreign corporations as are referred to in the preceding section, until compliance with the conditions therein prescribed, does not apply to a corporation in the situation of the appellee, but only to: "Every foreign corporation which has a usual office or place of business in this State," except insurance companies, for which provision is made elsewhere in the Article, but including corporations engaged in construction work in Maryland, either with or without a usual place of business therein, and whether they are so operating permanently or temporarily.

Our conclusion is in full agreement with the decision of the Court below that the sale questioned in this case was a valid exercise of authority by the Trust Company, and that the title proposed to be conveyed to the vendee is not open to the objection urged.

*Decree affirmed, with costs*