NEW YORK BANKERS, INCORPORATED, PLAINTIFF-AP-
PELLANT, v. ETHAN S. BOSWORTH, DEFENDANT-AP-
PELLEE.

Submitted May 13, 1927—Decided August 26, 1927.

**Corporations—Foreign, Doing Business Within the State Without
Certificate of Authority—Trade Acceptance—Goods Were
Sold in This State by an Unlicensed Foreign Corporation—
Trade Acceptance Given Which was Sold in New York to
Plaintiff—Held, That There is No Evidence That the Vendor
was Doing Business Within the State Within the Meaning of
the Statute, a Single Transaction Not Being Within the Act
—Held, Further, That Even if They Were, the Trade Accept-
ance was Sold to Plaintiff in New York and is in no Sense
a Transaction Within This State.**

On appeal from the Orange District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Ovidio Bianchi.*

For the appellee, *Howe & Davis.*

PER CURIAM.

This was an action on a trade acceptance drawn by the
Mixall Sales Corporation, a New York corporation, on appel-
lee, accepted by the latter, and sold by the Mixall Sales
Corporation to appellant, also a corporation of the State of
New York.

The sale of the goods, which the trade acceptance repre-
sents the selling price of, was made by an agent of the Mixall
Sales Corporation to appellee in this state. The acceptance
is dated in New York, accepted by appellee in New Jersey,
payable at the First National Bank of Millburn, New Jersey,
and sold by the Mixall Sales Corporation to appellant in New
York.

Neither the Mixall Sales Corporation nor the appellant was
authorized to do business in this state.

The trial court directed a verdict in favor of the appellee-defendant below on the ground that the matter involved in the action had to do with a contract or transaction in this state, and that neither the Mixall Sales Corporation nor the appellant being authorized to do business in this state the action could not be maintained. Act concerning corporations. 2 *Comp. Stat.*, p. 1658, § 98.

But this is not so because the statute does not apply to isolated and single items of transactions in this state. *D. & H. Canal Co.* v. *Mahlenbrock*, 63 *N. J. L.* 281; *Hildreth Granite Co.* v. *Hudson*, 87 *N. J. Eq.* 316.

Furthermore, there is no proof that the Mixall Sales Corporation had any other transactions in this state. The evidence pointed to is that appellant had twenty-five or thirty transactions for the purchase of trade-acceptances but there is nothing to show that these resulted from transactions or business conducted by the Mixall Sales Corporation in this state.

But if there was such proof as warranted a finding that the Mixall Sales Corporation was conducting business in this state so as to make section 98 of the Corporation act, *supra,* applicable to it that fact would not preclude or prohibit the appellant from having or maintaining its action in this state because, as far as appellant is concerned, it purchased for value the trade-acceptance, and its transaction was beyond question exclusively in the State of New York. *Hildreth Granite Co.* v. *Hudson, supra.*

The judgment must be reversed, with costs.