IN RE MCGILL'S ESTATE
MCGILL v. BANKERS' TRUST CO.

No. 2818

September 9, 1929.                    280 P. 321.

*C. A. Eddy* and *Philip S. Ehrlich,* for Appellant:

*Chandler & Quayle,* for Respondent:

*John D. Hoyt, Amicus Curiæ:*

## OPINION

*Per Curiam:*

This is an appeal from an order refusing to declare null and void an order appointing Bankers' Trust Company, a Utah corporation, administrator of the estate of William N. McGill, deceased.

The deceased left surviving him a widow and two children who had attained their majorities. Neither of them applied for letters of administration upon the estate, but they all urged the appointment of said trust company. Said company made application to be appointed such administrator, and in due time, after notice of the hearing on said application, there being no objection made thereto, the court made an order appointing said trust company administrator of said estate, on May 16, 1923. On May 23, 1927, the two sons above referred to applied to the court for an order declaring null and void said appointment. It is from the order denying such application that this appeal is taken by Neil A. McGill, one of the sons mentioned.

Appellant makes four points, namely: That a corporation was not competent to act as an administrator at common law because it could not take an oath; that a corporation is not a person within the purview of our

probate statute; that the appointment of a foreign corporation as an administrator is contrary to public policy; and, lastly, that the legislature having enacted a special law governing banks and trust companies, the general law as to foreign corporations does not apply.

The legislature in 1917 amended the then existing law designating who shall be respectively entitled to the appointment as administrator of the estate of a deceased person. It reads:

"First—The surviving husband or wife, or such person as he or she may request to have appointed.

"Second—The children.

"Third—The father, or the mother.

"Fourth—The brother.

"Fifth—The sister.

"Sixth—The grandchildren.

"Seventh—Any other of the kindred entitled to share in the distribution of the estate.

"Eighth—The creditors.

"Ninth—The public administrator.

"Tenth—Any of the kindred not above enumerated, within the fourth degree of consanguinity.

"Eleventh—Any person or persons legally competent." Stats. 1917, p. 355, c. 192.

We concede, without so deciding, that at common law a corporation was not competent to qualify as an administrator. But we do not think that such a concession is entitled to much consideration in this matter.

Here we may say that we are not ready to concede that a corporation is not a "person" in the sense in which that word is used in our probate act. It is universally held that a corporation is an artificial person. This court so held in Ex Parte Rickey, 31 Nev. 82–99, 100 P. 134, 135 Am. St. Rep. 651, and in State ex rel. Curtis v. McCullough, 3 Nev. 216. If the contention made is sound, certain individuals might find themselves without recourse were a testator to leave his will with a trust company for safe-keeping, in case of his death, and the refusal of the company to produce it, as provided in section 2 of the probate act, Rev. Laws, sec. 5858, and

similar sections. In the case of Louisville & N. R. Co. v. Herndon's Adm'r, 126 Ky. 589, 104 S. W. 732, under a statute providing for the appointment of some discreet person as administrator, it was held that "person" included "corporation." In this connection it may be well to observe that the statute provides that a creditor may be appointed as administrator. If the only creditor were a trust company, could it be contended that such company could not be appointed because it is a corporation? If not, what becomes of the main point?

■■ However, we do not consider it necessary to decide these points. Whatever may have been the common law and whatever may be the correct interpretation of the probate act, it is conceded, or must be conceded, that pursuant to legislative enactment a Nevada corporation organized to do trust company business is competent to act as an administrator. Section 5 of an act regulating banking provides: "Any corporation organized under this act may state in its articles of incorporation that it will carry on a trust company business * * * and such corporation shall thereupon have power * * * to act under the order or appointment of any court as guardian, administrator, receiver or trustee." Stats. 1911, p. 291, c. 150, Rev. Laws, 1912, sec. 620.

Thus it is seen that whatever may have been the common law, it is not contrary to the public policy of this state for a corporation to be appointed an administrator of an estate. In this connection it is said that the 1911 act did not authorize the taking of an oath by a corporation which might be appointed administrator pursuant to its terms. It is settled law that a corporation has implied powers to do all acts that may be necessary to enable it to exercise the powers expressly conferred. Sutro Tunnel Co. v. Segregated Belcher M. Co., 19 Nev. 121, 7 P. 271; 14A C. J. 252; 25 R. C. L. 980.

In the light of the rule stated, we think an officer could make the affidavit required.

There is no doubt but that the respondent has authority in the State of Utah to qualify as an administrator. Section 424, c. 9, Compiled Laws of Utah, 1907, expressly

authorizes the organizing of trust companies with such power, and the articles of incorporation of the respondent as filed with the secretary of state of Nevada expressly states that the company shall have such power.

Having shown that a corporation may be organized under the laws of this state with power to act as an administrator, our public policy is thus established. If there be no statute in Nevada prohibiting a foreign corporation which enjoys in the state of its domicile the privilege of acting as an administrator, under principles of comity, the respondent may enter this state for the purpose of carrying on such business on the same basis as a Nevada corporation.

■ The rule is stated in 14A C. J. p. 1217, as follows: "Under principles of comity, and except as otherwise provided by constitutional or statutory provisions, a corporation created by any state or nation is permitted to enter other states, and there to exercise all legitimate powers conferred upon it and to carry on as a corporation any business not prohibited by the local laws or against the local public policy. The rules of comity are subject to local modification by the law-making power. But until so modified they have the controlling force of legal obligation, and it is the duty of the courts to observe and enforce them until the sovereign otherwise directs. The comity involved is the comity of the state, not of the courts, and the judiciary must be guided by the principles and policy adopted by the legislature. No restrictions can be imposed by the courts without the sanction of the law-making power. This comity must be presumed to exist, and does exist, until a state expresses an intention to the contrary in some affirmative way, that is, by direct enactments on the subject, or by its public policy deduced from the general course of legislation or the settled adjudications of its courts of last resort. Legislative silence upon the subject is equivalent to permission."

This is the uniform rule, as is shown by a long line of cases cited in support of the text just quoted, including

the case of State ex rel. Curtis v. McCullough, 3 Nev. 202.

If there were no act in this state authorizing a corporation to act as an administrator, the presumption would prevail that no public policy exists against a foreign corporation which is qualified to so act in the state of its domicile to qualify as such in Nevada. American & F. Christian Union v. Yount, 101 U. S. 352, 25 L. Ed. 888; Thompson v. Waters, 25 Mich. 224, 12 Am. Rep. 243; 8 Fletcher Encyc. Corp. par. 5740.

But it is said that the Nevada act authorizing the incorporation of banking and trust companies prohibits foreign corporations from doing trust company business in this state, notwithstanding the fact that the general corporation law expressly authorizes foreign corporations to do business in Nevada.

It is said that, though this intention is not expressed in definite terms, it is apparent from a reading of the act as a whole. We cannot agree with the contention. Section 47 of the act, Rev. Laws, sec. 662, provides: "No individual, * * * trust company, corporation, company or other corporation, incorporated under the laws of this state, or of any other state or territory or foreign country, doing a banking business in this state, * * * shall engage in the banking business in this state without first obtaining from the bank examiner a license. * * * "

This section referring to foreign trust and banking companies expressly contemplates their doing business in this state, and the only inhibition placed upon them is that they shall not do a *banking business in this state* until they have obtained a license. The respondent, so far as appears, has not sought to do a banking business in this state, but only a trust company business for the doing of which no such condition is imposed.

There is not a copy of the petition for the appointment of an administrator of the estate of the deceased in the record in this matter, nor any showing as to the evidence introduced when the application for such appointment was heard by the court; hence, in view of the nature of this proceeding, we must conclusively

presume that such petition set forth a full compliance with all of the statutory requirements, whatever they might have been, and that proof was introduced to sustain them.

Taking the view we do, it is not necessary to further consider the points discussed in the very elaborate briefs in the matter nor to analyze and distinguish the cases cited. We deem it proper to say, however, that we do not attach the importance to the opinion in Re Avery, 45 Misc. Rep. 529, 92 N. Y. S. 974, contended for by appellant. It is largely based upon a construction of a statute of New York, by a surrogate judge, and has never been approved by any higher court of the state. We do not think the point made in that case to the effect that the corporation in question in that matter not being domiciled in New York, and hence not subject to the jurisdiction of the courts of that state, could appeal to us for the reason that it appears from the record in this matter that the respondent has appointed an agent in Nevada upon whom service of process might be made, and the further reason that with us a nonresident is not disqualified for that reason alone. In Re Bailey, 31 Nev. 382, 103 P. 232, Ann. Cas. 1912A, 743. But the reasoning of the New York judge in that matter merely goes to a matter of policy. We think the great weight of authority is against the conclusion reached in that opinion. Some of the cases so holding are: Lincoln Trust Co. v. Gaddis & Perry Co., 15 Ariz. 372, 139 P. 461, Ann. Cas. 1915D, 1091; Deringer's Adm'r v. Deringer's Adm'rs, 5 Houst. (Del.) 416, 1 Am. St. Rep. 150; In Re Rawitzer's Estate, 175 Cal. 585, 166 P. 581; Fellows v. First National Bank, 192 Mich. 640, 159 N. W. 335.

For the reason given the order appealed from is affirmed.