[No. 23417.   Department One.   October 16, 1931.]

*In the Matter of the Estate of* HUGH C. WALLACE,
*Deceased.*

MILDRED FULLER WALLACE *et al., Respondents,* v. THE
STATE OF WASHINGTON, *Appellant.*[1]

[1]Reported in 3 P. (2d) 996.

*The Attorney General* and *Lester T. Parker, Assistant,* for appellant.

*Grosscup & Morrow* and *John Ambler,* for respondents.

MITCHELL, J.—Hugh C. Wallace, a resident of Tacoma, Washington, died leaving a will with a codicil. The instruments, upon due proof, were admitted to probate by the superior court for Pierce county on February 9, 1931, and Mildred Fuller Wallace, widow of the deceased, and Forbes P. Haskell, Jr., were appointed and qualified as executors. The will, including the codicil, after providing for certain enumerated bequests, conveys the entire residuary estate to Mildred Fuller Wallace, surviving widow of the deceased, John W. Davis and the City Bank Farmers Trust Company, a New York corporation, as trustees for purposes specified in the will, the carrying out of which trust will necessarily require a number of years. In this regard, it is provided in the will, among other things, as follows:

"Seventeenth: I authorize and empower my Executors and my Trustees to change investments in their discretion, and to retain as a part of the principal of any trust herein provided for, any securities or property which may be owned by me at the time of my death, without regard to whether or not the same be authorized by law for the investment of trust funds, and to reinvest the proceeds or cash constituting the principal of the trust fund in such securities and property as they may deem best, without regard to whether or not the same shall constitute investments which a trustee is authorized by law to make.

"Eighteenth: I authorize and empower my Executors and my Trustees to sell and convey any and all real estate which I may own at the time of my death, except that hereinbefore specifically devised, for such

price and upon such terms and conditions as they may deem best.''

A large part of the property of the estate is situated in Pierce county, Washington, the most of which is improved real estate.

Mildred Fuller Wallace, interested in the estate in her own right and as executrix, filed a petition in the cause, asking that the City Bank Farmers Trust Company be adjudged to be a competent and proper trustee under the directions and decree of the court. Facts were alleged in the petition upon which it was claimed there was necessity for an order determining the right of the City Bank Farmers Trust Company to act as trustee in the protection of the property rights of the petitioner.

She further alleged that the City Bank Farmers Trust Company is a corporation organized and existing under the laws of New York, with trust powers adequate and sufficient to enable it to carry out and administer the trust provided for in the will; that it has not complied with the laws of this state entitling it to do a general trust business in this state; and that it has expressed its willingness as one of the trustees, to accept the trust estate and to accept title to the real property located in this state and manage, operate and control the same as trustee pursuant to the terms of the will, and to do at this time no other or further business in this state.

She further alleged that she was advised that the laws of this state impose a penalty upon a trust company for exercising trust powers in conflict with the laws of this state, and that the City Bank Farmers Trust Company will not incur the risk of the imposition of penalties which might be imposed as a result of taking over the title of the property to be acquired by it under the will in administering the testamentary

trust, but that it is willing and desirous of acting and taking over the title of the trust property and administering the trust if it can lawfully do so.

The City Bank Farmers Trust Company filed a written motion that it be made a party petitioner with Mildred Fuller Wallace to have the trust company declared qualified to act under the will as trustee in this state. The motion was supported by an affidavit of counsel, the contents of which do not materially differ in legal effect from the allegations of the petition of Mildred Fuller Wallace. The motion was granted and, by an order duly entered, the City Bank Farmers Trust Company was made a party petitioner.

The state of Washington appeared in the action and interposed a general demurrer to the petition, which, upon being heard, was overruled by the superior court. Thereupon judgment was entered to the effect that the City Bank Farmers Trust Company of New York is

". . . a competent, proper and qualified trustee to act as such under the will of Hugh C. Wallace, deceased, and in so doing to hold, purchase, transfer, mortgage, lease, manage and convey any and all property of the said estate now owned or hereafter acquired, and to collect rents, interest and dividends; and that the performance of said acts in said estate does not constitute doing business in the state of Washington within the provisions of the corporation laws of the state."

The state has appealed.

The City Bank Farmers Trust Company not having complied with the law entitling it to transact business in this state, the sole question in the case is whether or not it can lawfully act as trustee in this state under the will of a deceased resident of the state when the trust estate includes property situated in this state.

In support of the judgment appealed from, counsel for the respondents cite a number of our cases and some Federal cases, all of which involved the consideration of our statute with reference to the doing of business in this state by a foreign corporation. Those cases are as follows:

*Rich v. Chicago, Burlington & Quincy Railway Co.,* 34 Wash. 14, 74 Pac. 1008; *Arrow Lumber & Shingle Co. v. Union Pacific Railroad Co.,* 53 Wash. 629, 102 Pac. 650; *Macario v. Alaska Gastineau Mining Co.,* 96 Wash. 458, 165 Pac. 73, L. R. A. 1917E 1152; *Alto v. Hartwood Lumber Co.,* 135 Wash. 368, 237 Pac. 987; *Lucas v. Luckenbach Steamship Co.,* 141 Wash. 504, 252 Pac. 526; *Johanson v. Alaska Treadwell Gold Mining Co.,* 225 Fed. 270; *Duke v. Pioneer Mining & Ditch Co.,* 280 Fed. 883; *Bankers Holding Company v. Maybury,* 161 Wash. 681, 297 Pac. 740.

Counsel for respondent also cite cases arising upon the statutes of other states, as follows:

*Chicago Title & Trust Co. v. Hagler Special School District,* 178 Ark. 443, 12 S. W. (2d) 881; *Martin v. Bankers Trust Co.,* 18 Ariz. 55, 156 Pac. 87; *McKee v. Stewart Land & Livestock Co.,* 28 Ariz. 511, 238 Pac. 326; *Burlington Savings Bank v. Grayson,* 43 Idaho 654, 254 Pac. 215; *Baden v. Washington Loan & Trust Co.,* 133 Md. 602, 105 Atl. 860; *Maxwell v. Hammond,* 234 Mich. 461, 208 N. W. 443; *McGill v. Bankers Trust Co.,* 52 Nev. 35, 280 Pac. 321; *Denison v. Phipps,* 87 Okla. 299, 211 Pac. 83; *Continental Trust Co. v. Tallassee Falls Mfg. Co.,* 222 Fed. 694.

In each of the cases cited, the thing or things done which it was found constituted, or denied to be, the doing of business by a foreign corporation, was so determined with reference to a general statute upon the subject of doing business. There was in no case

a definitive statute upon the subject of what constituted doing business, so that the court was called upon in each case to decide what was meant by the words "doing business."

We are unable to see the force of those authorities as being applicable in considering the present case, and are of the opinion, as suggested on behalf of the state, that we have a statute that controls and directs the decision in this case.

In the act of 1917 relating to banks and trust companies, Rem. Comp. Stat., § 3221, provides, among other things, that

"The term 'trust business' shall include the business of doing any or all of the things specified in subdivisions 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of section 3231."

Section 3231, after providing that

"Upon the issuance of a certificate of authority to a trust company, the persons named in the articles of incorporation and their successors shall thereupon become a corporation and shall have power:"

says

"(9) To be appointed and to accept the appointment of executor of, or trustee under, the last will and testament, or administrator with or without the will annexed, of the estate of any deceased person, . . ."

That is, the statute says in plain, unambiguous language that "trust business" includes, among other things, the business of being appointed and accepting the appointment of trustee under the last will and testament of the estate of any deceased person. Clearly, a single appointment and acceptance as such trustee comes within the terms of the statute. So that in this state, in addition to a statute requiring a foreign corporation to procure a certificate to do a trust business in order that it may engage in that kind of business,

we have a statute declaring or defining what "trust business" consists of or involves, which, as applied to the present case, is

"To be appointed and to accept the appointment of . . . trustee under the last will and testament . . . of the estate of any deceased person."

That is precisely what the petitioners in this case seek to have the court declare that the City Bank Farmers Trust Company may do.

We must follow the law rather than destroy it, even if, in doing so, we shall be unable to observe the well-known rule of carrying out, if possible, the intention of the testator as expressed in his will. The judgment appealed from is contrary to the law.

Reversed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.