## CORSON *v.* MARYLAND.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

Argued April 5, 1886. — Reargued November 5, 1886. — Decided March 7, 1887.

The Code of Maryland provided that "no person or corporation other than the grower, maker, or manufacturer, shall barter or sell, or otherwise dispose of, or shall offer for sale any goods, chattels, wares, or merchandise within the state, without first obtaining a license in the manner herein prescribed; " that the application for the license should state on oath "the amount of said applicant's stock of goods, wares, and mer-

chandise generally kept on hand by him, or the concern in which he is engaged, at the principal season of sale; or if said applicant shall not have previously engaged in such trade or business, the amount of such stock he expects to keep as aforesaid;" and it graduated the rate to be paid for the license according to the sworn statement of the applicant's stock in trade, at the principal season of sale, ranging from $15 to $150. A, a citizen and resident of New York, was indicted under this statute for offering to sell by sample in Baltimore, without first obtaining a license, goods for a New York firm, to be shipped by them directly to the purchaser in Baltimore. *Held,* that these enactments in the Code, as applied to A, violated that provision of the Constitution of the United States which grants to Congress the power to make regulations of commerce among the states.

*Robbins* v. *Shelby County Taxing District, ante,* 489, affirmed and applied to this case.

THE provisions of the Code of Maryland as amended in 1880, which were questioned in this case, were as follows:

ARTICLE 12, *Sec.* 41, provided that "no person or corporation other than the grower, maker, or manufacturer shall barter or sell, or otherwise dispose of, or shall offer for sale, any goods, chattels, wares, or merchandise within this state, without first obtaining a license in the manner herein prescribed." (Then followed certain exceptions not necessary to be here enumerated.)

*Sec.* 42 provided that "when any person, body politic or corporate, shall propose to sell or barter or dispose of or to offer for sale anything mentioned in the preceding section, except spirituous or fermented liquors, he shall apply to the clerk of the Circuit Court of the county in which he proposes to carry on such selling or bartering, or disposing of goods, wares, chattels, or merchandise, or if he propose to carry on such selling or bartering, or disposing of goods, wares, chattels, or merchandise in the city of Baltimore, to the clerk of the Court of Common Pleas, for a license therefor." (Then followed certain provisions not necessary to be here stated.)

*Sec.* 43 provided that "upon such application the applicant shall state to the clerk, on oath, . . . the amount of said applicant's stock of goods, wares, and merchandise generally kept on hand by him, or the concern in which he is engaged, at the principal seasons of sale; or if said applicant shall not

have previously engaged in such trade or business, the amount of such stock he expects to keep as aforesaid."

*Secs.* 44 to 55, inclusive, prescribed the rate or sum to be paid for such license, graduated according to the sworn statement of the applicant's stock in trade, at the principal season of sale ; ranging from $15 if the stock exceeded $1000 and was not more than $1500, to $150 if the stock exceeded $40,000. ·

*Sec.* 56, as amended, provided that " if the applicant for a license lives out of the country or' city wherein he proposes to carry on such business of selling, bartering, or otherwise disposing of, or offering for sale such goods, chattels, wares, and merchandise ; or if the applicant lives out of this state, or is unable to apply in person by reason of sickness or bodily infirmity, his or her agent may apply for license and make the affidavit as hereinbefore provided."

The plaintiff in error was indicted for selling by sample to one Kenney, in Baltimore, without first taking out a license therefor as required by the Code.

It was alleged in the indictment that the defendant below was a citizen and resident of the city and State of New York; that the thirty packages of tea so sold were the property of the firm of Rosewell, Skeel & Co., residents and citizens of the city and State of New York, and were stored in the warehouse of said firm in the city of New York ; that neither he, the defendant, nor said Rosewell, Skeel & Co., had any store or place of business, temporary or permanent, or any stock in trade other than samples of tea in the State of Maryland, and neither the defendant nor the said Rosewell, Skeel & Co., being the growers, makers, or manufacturers of said thirty packages of tea.

The indictment further charged that neither the defendant nor the said Rosewell, Skeel & Co. intended to keep any stock in the city of Baltimore, or to be engaged in any trade or business in said city or state, otherwise than by selling by samples as aforesaid ; that neither had any principal season of sale in said city or state, but that Rosewell, Skeel & Co. had their only place of business in the city of New York, where their stock in trade was and had since been kept, and where their

goods, on being sold, were then and since had been shipped directly to purchasers in the State of Maryland and other parts of the United States.

The defendant demurred to the indictment; his demurrer was overruled, and having waived his right to plead over, judgment was entered against him. This judgment was affirmed by the Court of Appeals of Maryland (57 Maryland, 251). The defendant thereupon sued out this writ of error. The cause was argued at last term, on the 20th May, 1886. A reargument was ordered, and the cause was accordingly argued at this term.

*Mr. S. Teakle Wallis* and *Mr. Henry D. Loney* for plaintiff in error at October term, 1885. *Mr. Wallis* for same at October term, 1886.

*Mr. Charles B. Roberts,* Attorney General of Maryland, and *Mr. Charles J. M. Gwinn,* for defendant in error submitted on their brief at each hearing.

Mr. Justice Bradley delivered the opinion of the court.

This case does not differ materially from that of *Robbins* v. *Taxing District of Shelby County,* just decided. The Code of Maryland, as amended in 1880, provides that "no person or corporation other than the grower, maker, or manufacturer shall barter or sell, or otherwise dispose of, or shall offer for sale any goods, chattels, wares, or merchandise within this state, without first obtaining a license in the manner herein prescribed." A violation of this law was made an indictable offence; and the plaintiff in error, a citizen and resident of New York, was indicted for offering to sell, and for selling by sample, in the city of Baltimore, without license, certain goods for a New York firm, to be shipped from New York directly to the purchaser. The plaintiff in error demurred to the indictment, but it was sustained both by the court of original jurisdiction and by the Court of Appeals of Maryland on writ of error. The constitutionality of the law was duly raised, and the law was sustained.

The same principles apply to this case which were considered in that of Robbins, and the same result must be declared.

The judgment of the Court of Appeals of Maryland is reversed, and the plaintiff in error must be discharged.

MR. CHIEF JUSTICE WAITE concurring.

MR. JUSTICE FIELD, MR. JUSTICE GRAY, and myself agree to this judgment, but on different grounds from those stated in the opinion of the court, It is not denied that the statute of Maryland requires a non-resident merchant desiring to sell by sample in that state, to pay for a license to do that business a sum to be ascertained by the amount of his stock in trade in the state where he resides, and in* which he has his principal place of business. This differs materially from the statute of Tennessee, which was considered in *Robbins* v. *Taxing District of Shelby County*, just decided, and is in its effect, as we think, a tax on commerce among the states. The charge for the privilege to the non-resident is measured by his capacity for doing business all over the United States, and without any reference to the amount done or to be done in Maryland.