[Civil No. 585. Filed April 16, 1898.]

[52 Pac. 775.]

## DAVID BABBITT, Defendant and Appellant, v. NEILL B. FIELD et al., Plaintiffs and Appellees.

1. MORTGAGES—FORECLOSURE—JUDGMENT—IN VACATION—VOID.—A judgment of foreclosure entered in vacation by a judge is not merely voidable but void, as, under the Organic Act and the statutes of the territory, the court, and not the judge, has jurisdiction to foreclose mortgages.

2. SAME—SAME—PLEADING—ABATEMENT—JUNIOR MORTGAGOR—FORMER FORECLOSURE TO WHICH HE WAS NOT A PARTY.—A junior mortgagor not a party to former foreclosure cannot plead a judgment of foreclosure therein in abatement of a subsequent suit in which he is made party defendant to foreclose the same mortgage.

3. CORPORATION—FOREIGN—CARRYING ON BUSINESS—SINGLE TRANSAC-
TION—REV. STATS. ARIZ., TIT. 12, CHAP. 7, CONSTRUED.—The doing
of a single act of business within the territory of Arizona by a
foreign corporation not incorporated for the purpose of carrying
on business in this territory does not constitute the carrying on of
business within the meaning of the statute, *supra,* providing that
every act done by a foreign corporation, incorporated for the purpose
of engaging in or carrying on business within this territory, prior
to compliance with requirements as to filing its articles, etc., shall be
void.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Coconino.
Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

Edward M. Doe, for Appellant.

It is alleged in the third and fourth defenses of appellant's
answer that the New Mexico Savings Bank and Trust Com-
pany is a foreign corporation, organized for the purpose
among others of "engaging in and carrying on the enter-
prise, business, pursuit, and occupation of loaning money
in and acquiring, holding, and disposing of property within
the territory of Arizona, and also of taking security upon
real property within said territory for its said loans. That
ever since, and at all times since, its said organization the
said corporation has been engaged in the general carrying on
of said enterprise, business, pursuit, and occupation of loan-
ing money, and taking security therefor by trust-deeds and
otherwise, upon real property in the several counties of the
territory of Arizona, and of acquiring property therein by
foreclosure and otherwise, and that the contract sought to
be enforced in this action was made in this territory." This
is an allegation that the corporation, the real party in inter-
est, being a foreign corporation, has failed to comply with
the requirements of our statutes in regard to foreign cor-
porations.

As a state or territory has the power entirely to exclude
from its limits a foreign corporation, so it has the power of
prescribing the terms upon which alone it may be permitted
to do business within its limits. *Home Ins. Co. v. Davis,*
29 Mich. 238; *Farmers etc. Ins. Co. v. Harrah,* 47 Ind. 236;

*Attorney-General* v. *Bay State Min. Co.,* 99 Mass. 148, 96 Am. Dec. 717; *State* v. *Lathrop,* 10 La. Ann. 398; *Western Union Tel. Co.* v. *Mayer,* 28 Ohio St. 521; *In re Comstock,* 3 Saw. 218, Fed. Cas. No. 3078; *Semple* v. *Bank of British Columbia,* 5 Saw. 88, Fed. Cas. No. 12659; *Paul* v. *Virginia,* 8 Wall. 168; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Ducat* v. *Chicago,* 10 Wall. 410.

This class of statutes is not only constitutional but meritorious, in that they only require a foreign corporation as a condition precedent to doing business in the territory to submit itself to the jurisdiction of the territorial courts and place itself upon terms of contractual equality with the citizens with whom it does business. They only afford legitimate protection to the citizens of the territory, and the foreign corporation can at its option either refrain from doing business within the territory or comply with the simple and reasonable provisions of the statute.

If it enters the territory and violates the law, entering into contracts declared void by the provisions of the statute, it cannot be heard to complain of the enforcement of the rule that courts will not, upon the application of either party to an illegal or void contract, aid in its enforcement. Any of the defendants in this action may plead failure to comply with the statute. There can be no estoppel to prevent showing a violation of a statute to the prejudice of an innocent party. *Semple* v. *Bank,* 5 Saw. 90, Fed. Cas. No. 12659; *In re Comstock,* 3 Saw. 218, Fed. Cas. No. 3078; *Steadman* v. *Duhanel,* 1 C. B. 888; *Keen* v. *Colman,* 39 Pa. St. 299, 80 Am. Dec. 584; *Fairtitle* v. *Gilbert,* 2 Term Rep. 169; *Bank* v. *Owens,* 2 Pet., 538; *Fowler* v. *Scully,* 72 Pa. St. 456, 13 Am. Rep. 699; *Coffrey* v. *Dudgeon,* 38 Ind. 512, 10 Am. Rep. 126; *Merriam* v. *Boston etc. R. R. Co.,* 117 Mass. 241.

Nearly all the states and territories have statutes somewhat analogous to ours. Some provide no penalty for noncompliance, and under such statutes the decisions are nearly unanimous to the effect that any one sued by a foreign corporation which has failed to comply with the statutory requirements may plead such failure as a valid defense to the action, upon the theory that there is no other method of enforcing the statute.

Plaintiffs claim that the decree is void because rendered

and entered in vacation, but the stipulation which was filed
by the plaintiffs and acted upon by them dispenses with evi-
dence, and as soon as filed left the case in the same position
as though it had been submitted in term time after full trial
of the issues.

And in such case, although the decree be entered in vaca-
tion, it is not absolutely void so that plaintiffs may ignore
it and institute a new action. They must first cause the
original decree to be set aside by appropriate proceedings.
*Ex parte Bennett,* 44 Cal. 85.

Plaintiffs having been parties to and procured the decree
in the original action, are estopped from alleging the inva-
lidity of that decree. *Semple* v. *Wright,* 32 Cal. 659.

Herndon & Norris, for Appellees.

The judgment rendered in vacation was absolutely void. The
court had no jurisdiction in the premises, and a stipulation for
such a judgment cannot make it valid. *Filley* v. *Cody,* 4 Colo.
109; *Francis* v. *Wells,* 4 Colo. 274; *Kirtley* v. *Marshall S. M.
Co.,* 4 Colo. 111; *Schuster* v. *Rader,* 13 Colo. 329, 22 Pac. 505.
"The power to hear and determine a cause is jurisdiction;
it is *coram judice* whenever a case is presented which brings
this power into action." Freeman on Judgments, sec. 118.
Our Organic Act and the statutes of the territory grant the
power to the *court,* and not to the *judge,* to foreclose mort-
gages. In the judgment pleaded as a bar by appellant, the
court never acted, but the judge acted when the court was
not in session, and without jurisdiction or authority. There-
fore, such a judgment is no bar, no rights were acquired under
it, but, on the contrary, the judgment and all subsequent pro-
ceedings thereunder were void. *Owen* v. *Howard,* 4 Ariz. 195,
35 Pac. 1057.

DAVIS, J.—This was an action commenced on August 18,
1896, to foreclose a trust-deed covering certain real property
upon which the appellant claims to hold a mortgage subse-
quent in date. The trust-deed was made in the territory of
Arizona by the defendants, J. F. Daggs and wife, to S. M.
Folsom, as trustee for the New Mexico Savings Bank and
Trust Company, and to secure a loan made by the said com-
pany to the said Daggs. The foreclosure suit was brought

by Neill B. Field, as receiver of the said company, and the said Folsom was also joined as a party plaintiff. The appellant answered separately, with six defenses, viz.: First, by plea in abatement that another action was pending between the same plaintiffs and the defendant mortgagors for the same cause, the first defense also setting up a subsequent mortgage from said Daggs and wife to appellant, but asking no affirmative relief thereon; second, by demurrer to complaint that the plaintiffs were not entitled to recover in the capacity in which they had respectively sued; third and fourth, that the contract could not be enforced because the New Mexico Savings Bank and Trust Company was a foreign corporation organized for the purpose, among others, "of engaging in and carrying on business . . . within the territory of Arizona"; that it had failed to comply with the requirements of chapter 7 of title 12 of the Revised Statutes, and that its acts in contracting the indebtedness sued for were void; fifth, that in a prior action (the action referred to in the plea of abatement in the first defense) for the foreclosure of the same deed of trust the plaintiffs had already obtained a decree of foreclosure, in pursuance of which there had been a sale of the property and at which they were the purchasers; sixth, that in the month of January, 1893, the said S. M. Folsom, president of the New Mexico Savings Bank and Trust Company, had entered into an agreement (not averred to be in writing) with the defendant J. F. Daggs, for and on behalf of said company, to release lot 7, in block 5, town of Flagstaff, from the lien and operation of said trust-deed, in consideration that Daggs would erect certain buildings on other parts of the property; that said Daggs performed his part of the agreement by the erection of said buildings, and thereafter sold and conveyed said lot No. 7 to the defendants M. V. and L. S. Drum, from whom, with knowledge of said agreement and relying thereon, the appellant had taken a mortgage upon said lot. The plaintiffs demurred to each of appellant's defenses and to his answer as a whole. The court overruled the appellant's demurrer, and sustained the demurrers of the plaintiffs. The appellant refusing to amend, judgment was entered in favor of the appellees, and the case is here on appeal from the said orders and judgment of the lower court.

The first proposition urged by the appellant for a reversal is based upon the court's ruling in sustaining the demurrer to his plea that another action was pending between the same parties, involving the same subject-matter; and there is also an assignment of error grounded upon the court's ruling in sustaining the demurrer to the fifth defense, setting up this alleged former suit and the decree rendered therein as a bar to the present action. Appended to the answer of appellant, and referred to therein as exhibits, are copies of the several parts of the record in the other proceeding. These show that, in vacation, on the fifth day of July, 1895, a complaint was filed by these appellees in the office of the clerk of the district court of Coconino County against the said defendants J. F. Daggs and wife for the foreclosure of the same deed of trust which is the subject of the litigation in the case at bar; that there was also filed at the same time an instrument of writing purporting to be an entry of appearance by said defendants and a stipulation for judgment; that while said court was at vacation a form of judgment and decree was entered therein over the following attestation: "Done in vacation, this 8th day of July, 1895. Jno. J. Hawkins, Judge of said District Court." It further appears that in pursuance of said pretended judgment and decree an order of sale was issued, under which the property described in said deed of trust was advertised by the sheriff, offered for sale, and declared sold to these appellees. It manifestly appears from the record as pleaded that the judgment and decree entered in the other proceeding are not voidable, but absolutely void. It was the decree of the judge, and not of the court, and no rights were either acquired or devested by it. Under the Organic Act and the statutes of the territory, the court, and not the judge, has jurisdiction to foreclose mortgages. The appellant was not a party to the other proceeding, could not have been affected by it, and was, we think, properly denied the right to plead it either in abatement or in bar of this action. The appellant alleges error in the court's ruling sustaining the demurrer to the third and fourth defenses of his answer. For the support of these defenses reliance is had upon the provisions of chapter 7 of title 12 of the Revised Statutes, which require every association, company, or corporation organized or incorporated under the laws of any other state, territory, or country, for

the purpose of engaging in or carrying on business within this territory, to file with the secretary of the territory and the county recorder of the county in which its business is located authenticated copies of its articles of incorporation, and the appointment of an agent upon whom notices and process may be served, and declares that every act done prior to compliance with these requirements shall be utterly void. A copy of the articles of incorporation of the New Mexico Savings Bank and Trust Company is attached to and made a part of appellant's answer. The articles show that the corporation was organized for the purpose of carrying on a banking business at Albuquerque, in the territory of New Mexico, and they fail to disclose any purpose of carrying on business in the territory of Arizona. The answer does not allege any place within the latter territory at which the corporation has undertaken or proposed to locate its business, but pleads a single act of business as transacted therein. So far as appears by the record, the company had no principal office or any place of business whatever in the territory of Arizona, and the making of the contract set out in the complaint was the only business ever done by it in the territory. The doing of a single act of business in the territory by a foreign corporation does not constitute the carrying on of business, within the reasonable construction of the provisions of the chapter relied upon. *Manufacturing Co.* v. *Ferguson,* 113 U. S. 727, 5 Sup. Ct. 739. We do not find upon an examination of the several points raised by appellant in his brief that reversible error was committed by the trial court, and the judgment is therefore affirmed.

Street, C. J., Sloan, J., and Doan, J., concur.