[Civil No. 1907.     Filed January 4, 1922.]

[202 Pac. 1075.]

ROBERT NICOLAI, Appellant, v. SUGARMAN IRON & METAL COMPANY, a Corporation, Appellee.

1. SALES—EVIDENCE HELD TO SUSTAIN FINDING THAT CONTRACT WAS WITH CORPORATION, AND NOT WITH MANAGER PERSONALLY.— In an action against seller for breach of contract to ship scrap iron, evidence *held* to show that the contract of sale was between plaintiff corporation and defendant, and not between defendant and the traveling manager of plaintiff personally.

2. APPEAL AND ERROR — FINDING ON CONFLICTING EVIDENCE NOT DISTURBED.—When a finding of fact is made by the trial court on conflicting testimony, and error is assigned on the insufficiency of the evidence to sustain it, the Supreme Court will not examine the record, with the view of determining on which side the weight of

the evidence lies, but only for the purpose of ascertaining if there is substantial evidence in support of the finding.

3. CORPORATIONS—DEFENDANT, SEEKING TO AVOID LIABILITY TO PLAINTIFF FOREIGN CORPORATION ON GROUND THAT IT IS UNLAWFULLY DOING BUSINESS IN STATE, HELD REQUIRED TO ALLEGE AND PROVE THAT IT IS DOING BUSINESS THEREIN.—When it does not appear, either from the complaint or the proof, that plaintiff foreign corporation is doing business in the state, and the defendant seeks to avoid the cause of action alleged, on the ground that such corporation was doing business in the state and had not complied with its laws, he can do so only by pleading this new matter by way of defense that it is so doing business, and sustaining it by proof, under Civil Code of 1913, paragraph 2226.

4. CORPORATIONS—ENTERING INTO SINGLE CONTRACT NOT "CARRYING ON OR DOING BUSINESS" WITHIN STATE.—Entering into one contract in the state does not constitute "carrying on or doing business therein," within the meaning of Civil Code of 1913, paragraph 2226, requiring certain acts to be done before doing business in the state.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Affirmed.

Mr. F. H. Bernard, for Appellant.

Messrs. Wright & Darnell, for Appellee.

McALISTER, J.—The Sugarman Iron & Metal Company, a Corporation organized and existing under and by virtue of the laws of the state of California, recovered judgment against Robert Nicolai for $421.23, the amount prayed for, and the latter appeals from such judgment and the order denying him a new trial.

The complaint discloses that on October 20, 1919, appellant agreed to sell appellee five cars of scrap

4. Whether a single or isolated transaction by foreign corporation constitutes doing business within the state, notes, 85 Am. St. Rep. 914; 2 Ann. Cas. 307; Ann. Cas. 1913E, 1154; 10 L. R. A. (N. S.) 693.

Mode of proving authority of foreign corporation to do business within the state, note, 2 A. L. R. 1235.

iron, to be shipped from Hayden, Arizona, to it at San Francisco, California, for a consideration of $19 per ton for steel scrap and $36 per ton for cast iron scrap, f. o. b. San Francisco; that, in pursuance of said agreement, appellee advanced appellant $2,000 on said purchase price as follows: $1,000 on November 3, 1919, and $1,000 on November 7, 1919, and in addition thereto paid the sum of $27.53 for breaking the cast iron contained in the shipments made; that on November 14, 1919, in compliance with his contract, appellant shipped to appellee three cars of scrap iron, which entitled him to a credit of $1,606.30 after the freight was deducted; that appellant failed and refused to furnish any further shipments of scrap iron in accordance with the terms of the said agreement, and has also refused to pay appellee the difference between the amount advanced him and the value of the scrap iron shipped, to wit, $421.23.

The only errors assigned are the insufficiency of the evidence to support the judgment and the want of jurisdiction in the court to hear and determine the case.

The basis for the contention that the evidence does not justify the judgment is the testimony of appellant to the effect that his agreement was with Meyer Sugarman personally, and not with the company itself; that, on account of former transactions with appellee, appellant refused to have any dealings whatever with it, but made his contract with, and sold the scrap iron in question to, Meyer Sugarman, the traveling manager of appellee company, whose personal check paid the first $1,000, and upon whose request the second $1,000 was wired from San Francisco. Sugarman, however, testified that in dealing with Nicolai he was acting for the company and in no sense for himself, a fact fully known to appellant at the time; that the $1,000 paid by his personal check was

not his, but the company's money, and that the second payment of $1,000 was wired by the company direct to appellant. There were letters, telegrams, and other documentary evidence which strongly substantiated the statement of Sugarman, as well as some tending to fortify appellant's contention, but the trial court saw the witnesses and heard them testify, and was therefore in a better position than this court to draw a correct conclusion from facts clearly in dispute. When a finding of fact is made by the trial court upon conflicting testimony, and error is assigned upon the insufficiency of the evidence to sustain it, this court will not examine the record with the view of determining upon which side of the respective contentions the weight of the evidence lies, but only for the purpose of ascertaining if there is substantial evidence in support of the finding. *Farish* v. *Beebe*, 20 Ariz. 196, 179 Pac. 51.

Under the other assignment it is contended that appellee, being a foreign corporation, is precluded from maintaining an action upon a contract executed and performed within this state, because it does not appear, either by allegation or proof, that it had complied, before the execution of the contract or at all, with the provisions of the statute requiring foreign corporations to file with the corporation commission a certified copy of their articles of incorporation and the appointment of a resident agent or agents and to obtain, upon the payment of a proper fee therefor, a license authorizing them to do business in the state, in order that their acts therein may be lawful and not, as the statute says they will be without such compliance, "utterly void." This objection is urged for the first time on appeal, for the answer, which is in effect a general denial, does not raise it, and there is nothing in the evidence which could possibly suggest it.

It is argued, however, that appellee, having alleged that it was a foreign corporation, could only invoke the jurisdiction of the courts of this state by alleging a compliance with its laws relating to foreign corporations, since those laws make every act of such corporations, previous to such compliance, utterly void; that its failure thus to comply does not affect merely appellee's capacity to sue, but makes the transaction giving rise to the cause of action a nullity, and presents to the court nothing upon which its powers can be exercised. This question, however, is not presented by this appeal, and cannot be determined, since it does not appear either by allegation or proof that appellee was carrying on, doing, or transacting business within the state in the sense in which these terms are used in paragraph 2226, Revised Statutes of 1913.

"When it does not appear, either from the complaint or the proofs, that the foreign stock corporation is doing business in this state, and the defendant seeks to avoid the cause of action alleged, on the ground that such corporation was doing business in this state, it can do so only by pleading this new matter by way of defense and sustaining it by proof." *Singer Sewing Machine Co.* v. *Foster,* 75 Misc. Rep. 641, 133 N. Y. Supp. 1072.

No acts other than the one giving rise to appellee's cause of action are mentioned in the complaint, and it is generally held that entering into one contract in the state does not constitute "carrying on or doing business therein." This question was decided by this court in *Babbitt* v. *Field,* 6 Ariz. 6, 52 Pac. 775, in the following language:

"The answer does not allege any place within the latter territory at which the corporation has undertaken or proposed to locate its business, but pleads a single act of business as transacted therein. So far as appears by the record, the company had no principal office or any place of business whatever in the

territory of Arizona, and the making of the contract set out in the complaint was the only business ever done by it in the territory.   The doing of a single act of business in the territory by a foreign corporation does not constitute the carrying on of business, within the reasonable construction of the provisions of the chapter relied upon.   *Manufacturing Co.* v. *Ferguson,* 113 U. S. 727, 5 Sup. Ct. Rep. 739, [28 L. Ed. 1137, see, also, Rose's U. S. Notes]."

The rule is thus stated in 12 R. C. L. 69:

"It seems to be the consensus of opinion that a corporation, to come within the purview of most statutes prescribing conditions on the right of foreign corporations to do business within the state, must transact therein some substantial part of its ordinary business, which must be continuous in the sense that it is distinguished from merely casual or occasional transactions, and it must be of such a character as will give rise to some form of legal obligations.   Hence it may be laid down as a general rule that the action of a foreign corporation in entering into one contract or transacting an isolated business act in the state does not ordinarily constitute 'the carrying on or doing of business' therein.   Among the many instances of single transactions that have been held not to constitute a 'doing of business' within the meaning of the statutes may be mentioned by way of example the following: . . . the occasional purchase by a foreign corporation of machinery and supplies in one state necessary to the transaction of its business in the state of its domicile.''

There appearing no error in the record, the judgment is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.