[Civil No. 2223.   Filed March 27, 1925.]

[234 Pac. 818.]

## MONAGHAN AND MURPHY BANK, a Corporation, Appellant, v. MAY DAVIS, and MAY DAVIS as Administratrix of the Estate of GEORGE W. DAVIS, Deceased, Appellees.

1. APPEAL AND ERROR—FAILURE TO QUESTION SUFFICIENCY OF APPEAL BOND IN MANNER REQUIRED BY STATUTE PRECLUDES COMPLAINT THEREOF ON APPEAL.—Failure to question sufficiency of appeal bond in manner required by Civil Code of 1913, paragraph 1253, precludes complaint thereof on appeal.

2. CORPORATIONS—SHOWING OF COURSE OF DEALING AND THAT PARTICULAR TRANSACTION WAS WITHIN STATE IS NECESSARY TO AVOIDANCE OF TRANSACTION WITH CORPORATION BECAUSE UNLICENSED WITHIN STATE.—One seeking to avoid transaction with corporation on ground that it has not complied with Civil Code of 1913, paragraph 2228, relating to doing business in state, has burden of showing general course of dealing, and that transaction arose within state.

3. CORPORATIONS—MERE GIVING OF MORTGAGE ON LAND WITHIN STATE AS INCIDENT TO LOAN TRANSACTION IS NOT "TRANSACTION WITHIN STATE."—Where money is loaned without state by corporation unlicensed to do business within state, mere giving of mortgage on property within state as incident to such transaction does not make it a "transaction within state" within Civil Code of 1913, paragraph 2228.

4. CORPORATIONS—INSTRUCTION AS TO PLAINTIFF'S LIABILITY ON CONTRACT WITH CORPORATION NOT AUTHORIZED TO DO BUSINESS IN STATE HELD ERRONEOUS.—In corporation's suit in replevin to recover possession of property covered by mortgage on ground that debt secured was overdue, where defendant denied plaintiff's right to recover for noncompliance with Civil Code of 1913, paragraph 2228, instruction to find for defendant, if plaintiff had failed to comply with such law, *held* erroneous for failure

---

1. See 2 R. C. L. 117.

3. What constitutes doing business in state by foreign corporation, see notes in 2 Ann. Cas. 307; 6 Ann. Cas. 744; 8 Ann. Cas. 942; 11 Ann. Cas. 320; Ann. Cas. 1912A, 553; Ann. Cas. 1913E, 1154; Ann. Cas. 1916A, 515; Ann. Cas. 1918C, 539; Ann. Cas. 1918E, 1248.

4. See 12 R. C. L. 69.

to require finding of reasonably substantial course of business bringing plaintiff within class of corporations covered by statute and for failure to require finding that particular contract was made within state, both of which matters were in issue.

5. CORPORATIONS—ADMISSION OF EVIDENCE RELATIVE TO CHATTEL MORTGAGES HELD BY CORPORATION TO SHOW COURSE OF DEALING WITHIN STATE HELD ERROR.—In banking corporation's action to recover property mortgaged because debt overdue, where defendant sought to avoid transaction for plaintiff's noncompliance with Civil Code of 1913, paragraph 2226, it was error to admit evidence that certain chattel mortgages given plaintiff covered property within state and were acknowledged in state for purpose of showing course of dealing, in absence of any showing that indebtednesses secured by such mortgages were incurred within state.

See (1) 3 C. J., p. 886, § 790.    (2) 14A C. J., p. 1366, § 4072. (3) 14A C. J., p. 1281, § 3989.    (4) 14A C. J., p. 1367, § 4073.    (5) 14A C. J., p. 1367, § 4072 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Mohave. J. E. Jones, Judge. Judgment reversed and cause remanded.

Mr. C. W. Herndon, for Appellant.

Mr. Louis L. Wallace, for Appellees.

LOCKWOOD, J.—In February, 1921, S. N. Graves and wife were indebted to Monaghan & Murphy Bank, a corporation, hereinafter called the plaintiff, in the sum of $4,600. This indebtedness was secured by a chattel mortgage on certain cattle in Mohave county, Arizona. Graves sold the cattle to George W. Davis, and the latter desired to make arrangements with plaintiff to assume the indebtedness of the Graves.' Plaintiff is a California corporation, with its principal place of business in Needles, California, and about February 23d, Davis went to Needles to see plaintiff about the assumption of the indebtedness. While there the matter was discussed, and, and, accord-

ing to all the witnesses who testified, an agreement was reached between plaintiff and Davis that he should assume the Graves' indebtedness, and that new papers would be prepared to that effect.

A few days later an agent of plaintiff brought a new note and chattel mortgage, covering the terms of the agreement, to Kingman, Arizona, where they were executed by Davis and his wife, and the mortgage properly filed, after which the note and mortgage were delivered to plaintiff in Needles. The note was dated and made payable at Needles, California.

Some time later Davis died, and May Davis, his wife, hereinafter called the defendant, was duly appointed administratrix of his estate. Thereafter plaintiff brought suit in replevin to recover possession of the property covered by the mortgage, on the ground that the note was overdue; there being the usual provision in the mortgage permitting such action.

Defendant answered, admitting the execution of the note and mortgage and failure to pay, but claiming they were void under paragraph 2228, Revised Statutes of Arizona of 1913, for failure on the part of plaintiff, as a foreign corporation, to comply with the Arizona law, and asking for damages for a wrongful replevin in the sum of $25,000.

The case was tried to a jury, which returned a verdict for defendant, and fixed the value of the property at the sum of $23,450. Plaintiff moved in arrest of judgment, which motion was denied, and judgment was rendered on the verdict; defendant electing to take the assessed value of the property.

Motion for new trial was made and overruled, and plaintiff appealed from the order denying the motion in arrest of judgment, from the order overruling the motion for a new trial, and from the judgment.

We are met in the first place with a motion to

dismiss the appeal, on the ground of insufficiency of the appeal bond. Counsel for defendant has urged this proposition with much zeal, but, without determining whether or not the bond on appeal is, as it reads, correct in form, we are of the opinion that paragraph 1253, Revised Statutes of Arizona of 1913, applies to bonds of this character, and, no objection having been raised to the bond in the manner prescribed in said paragraph, it is effective as an appeal bond.

This brings us to a consideration of the real defense, which may be summed up syllogistically as follows: (1) The act of any foreign corporation doing business in Arizona, done therein before it complies with paragraph 2228, *supra,* is utterly void; (2) plaintiff was such a corporation, and the note was an Arizona contract; (3) therefore the note in question was void.

A defense thus summed up can only be met by denying either the major or minor premise. Plaintiff admits the major premise, but denies it comes within the definition of the minor, in that it was not "doing business in Arizona," nor was the act in question "done therein" within the meaning of the statute, and it is upon these two propositions that the case hinges.

It was, of course, necessary for defendant to prove affirmatively that plaintiff was engaged in business in Arizona, within the meaning of our statute, and also that the particular act claimed to be void was done therein.

The question of what is meant by "carry on, do, or transact any business" was discussed by us in *Babbitt* v. *Field,* 6 Ariz. 6, 52 Pac. 775; *Martin* v. *Bankers' Trust Co.,* 18 Ariz. 55, Ann. Cas. 1918E, 1240, 156 Pac. 87; *Nicolai* v. *Sugarman Iron & Metal Co.,* 23 Ariz. 230, 202 Pac. 1075. The consensus of

these three cases is that, to come within the statute, a corporation must be engaged in an enterprise of some permanence and durability, and must transact within the state some substantial part of its ordinary business, and not merely a single act. The only course of business contended by defendant to have been conducted by plaintiff in Arizona is the loaning of money, and the particular act which is claimed to be void is the transaction whereby defendant and her decedent assumed the Graves' indebtedness. Defendant was therefore required to prove a general course of loaning money by plaintiff in Arizona to an extent sufficient to bring the latter within the definition laid down in the Martin and Nicolai cases, and also that the particular indebtedness arose in Arizona.

The question of whether the taking of security on property within the state, by a foreign corporation, for money loaned outside the state, is a violation of statutes of the character of ours has been frequently discussed by the courts. The general rule is that the act of giving the mortgage is a mere incident to the transaction, and is not within the statute; the place of the creation of the indebtedness being the real test. *Covey Cotton Oil Co.* v. *Bank of Ft. Gaines,* 15 Ala. App. 529, 74 South. 87; *United States S. & Loan Co.* v. *Shain,* 8 N. D. 136, 77 N. W. 1006; *Eastern B. & L. Assn.* v. *Bedford* (C. C.), 88 Fed. 7; *New York & S. Construction Co.* v. *Winton,* 208 Pa. 467, 57 Atl. 955.

The case of *Peoples' B. & L. Assn.* v. *Kidder,* 9 Kan. App. 385, 58 Pac. 799, apparently in conflict with this rule, was decided by a divided court, while the Alabama cases, also cited by defendant, are distinguishable in principle, as pointed out in the Covey case *supra.*

Thus there were two questions of fact to be submitted to the jury, under proper instructions as to the law. We have examined carefully all of the instructions given by the trial court. On the vital points referred to we find only the following:

"You are instructed that it is not the place where a contract may be written, but the place where the transaction is agreed upon, and the loan negotiated, that governs as to whether or not a foreign corporation can be considered as doing business within this state."

And:

"You are instructed that the bringing of an action by a foreign corporation to foreclose a mortgage on property situated within this state, to secure a debt from without the state, does not constitute doing business by such foreign corporation in the state of Arizona."

These instructions correctly state the law, so far as they go. The court, however, followed them with the following instruction:

"You are instructed that, if you find from the evidence in this case that the Monaghan & Murphy Bank have failed to comply with the requirements of the laws of the state of Arizona, with respect to foreign corporations doing business in this state, you will find for the defendant."

As will be seen, there is not only a total failure to instruct as to the necessity for a reasonably substantial course of business, as set forth in the Martin and Nicolai cases, before plaintiff would be a corporation of the class within the purview of the statute, but the instruction last given assumes as facts both that plaintiff was conclusively such a corporation, and that the particular contract in question in this case was made in Arizona; both matters which were disputed in the pleadings and on the evidence, and which should have been left to the jury. Since

plaintiff had admitted that it did not comply with the statute, this amounted to a peremptory instruction to return a verdict for defendant, leaving nothing but the value of the property to be determined by the jury.

Plaintiff further complains that the deputy county recorder was permitted to testify that there were certain chattel mortgages on file, given by various persons to plaintiff, and covering property in Mohave county. Presumably this was offered as tending to show that plaintiff was carrying on business in Arizona within the provisions of paragraph 2226, Revised Statutes of Arizona of 1913. No evidence was offered as to where the loans secured by such mortgages were made.

Had the evidence in regard to these mortgages, as admitted, tended to show in any way that the original indebtedness secured by such mortgages arose in Arizona, it would, of course, have been proper, but the mere fact that certain chattel mortgages given plaintiff covered Arizona property and were acknowledged in Arizona did not of itself have any such tendency, and, unless the mortgages contained something which tended to show the indebtedness was incurred in the state, they, or any reference to them, would, of course, be inadmissible, and, in view of the fact that the only other evidence of any loans made by plaintiff, except the Davis one, was the testimony of the witnesses Murphy and Herndon to the effect that, so far as they knew, all loans made by plaintiff and secured by mortgages on Arizona property were made in California, and the instructions given as aforesaid, it must have been highly prejudicial to plaintiff.

For the two foregoing errors it is necessary the judgment be reversed and the case remanded for a new trial, and it is so ordered.

McALISTER, C. J., and ROSS, J., concur.