[Civil No. 2367.  Filed July 14, 1925.]

[238 Pac. 326.]

CHARLES McKEE, State Bank Commissioner for
the Bank of Foreman (Arkansas), a Corpora-
tion, by ROBERT S. MORRIS, Deputy Bank
Commissioner, Appellant, v. STEWART LAND
AND LIVESTOCK COMPANY, a Corporation,
and ELIZABETH C. WILLS, Appellees.

CORPORATIONS—FOREIGN CORPORATION MAY BRING SUIT ON NOTE IN
STATE WITHOUT HAVING QUALIFIED UNDER STATUTE.—Bank com-
missioner of foreign state may bring suit on note belonging to
insolvent foreign bank, though latter had never qualified by com-
plying with Civil Code of 1913, paragraphs 2226, 2228, 2230,
since, to come within statute, corporation must be engaged in
enterprise of some permanence and durability, and must transact
within state some substantial part of ordinary business and not
merely single act.

See (1) 14a C. J., pp. 1273, 1277.

APPEAL from a judgment of the Superior Court
of the County of Pinal.  Stephen H. Abbey, Judge.
Judgment reversed and cause remanded.

Mr. Frank H. Hereford, for Appellant.

Mr. Francis M. Hartman, for Appellees.

LOCKWOOD, J.—December 31st, 1919, Stewart
Land & Live Stock Company, a corporation, made,
executed, and delivered to Thomas N. Wills its three
promissory notes secured by a mortgage.  One of

On the question as to whether institution and prosecution of suit
by foreign corporation constitutes doing business within state, see
note in 24 L. R. A. 295.

As to whether a single or isolated transaction by foreign corpora-
tion, as "doing business" within the state, see notes in 2 L. R. A.
(N. S.) 127; 10 L. R. A. (N. S.) 693. See, also, 12 R. C. L. 99.

these notes, amounting to nine thousand dollars ($9,000), and due January 1, 1922, was assigned by Wills to the Bank of Foreman, a corporation organized and doing business in the state of Arkansas. Thereafter said bank became insolvent, and under the laws of Arkansas, Charles McKee, the state bank commissioner of Arkansas, took charge and possession of all the assets of the defunct bank, including the note and mortgage referred to, the same being due. Suit was brought thereon in the superior court of Pinal county against the Stewart Land & Live Stock Company and Elizabeth C. Wills; the complaint alleging that she claimed some interest in the property covered by the mortgage. The company failed to answer, and its default was duly entered, but defendant Wills demurred to the complaint on the following grounds:

"That plaintiff's complaint shows on its face that plaintiff has no legal capacity to sue or maintain this action in the state of Arizona or in any other state."

The real issue raised, and the one upon which this appeal is decided, is that the Bank of Foreman, an Arkansas corporation, was the real plaintiff and party in interest, and that, since it had not complied with the provisions of paragraphs 2226, 2228, and 2230, R. S. A. 1913 (Civ. Code), it was not qualified to maintain this action. Assuming, for the purpose of the argument, that the Bank of Foreman is the real party plaintiff, the only act which it is claimed it has done within the state of Arizona was to bring this suit. The contention of defendant Wills, then, is that a foreign corporation may not even maintain a suit within the state of Arizona without complying with the provisions of the statute cited.

We have held in four different cases "that to come within the statute a corporation must be engaged in an enterprise of some permanence and durability and

must transact within the state some substantial part of its ordinary business, and not merely a single act." *Monaghan and Murphy Bank* v. *Davis et al.*, 27 Ariz. 532, 234 Pac. 818; *Nicolai* v. *Sugarman Iron & Metal Co.*, 23 Ariz. 230, 202 Pac. 1075; *Martin* v. *Bankers' Trust Co.*, 18 Ariz. 55, Ann. Cas. 1918E, 1240, 156 Pac. 87; *Babbitt* v. *Field*, 6 Ariz. 6, 52 Pac. 775.

Defendant, however, claims that, while these decisions are correct under the 1901 Code which reads as follows: "Any company incorporated under the laws of any other state, territory or foreign country which shall carry on any business, enterprise or occupation in this territory shall . . . " (paragraph 909)—yet, since the 1913 Code was amended to read "any company incorporated under the laws of any other state, territory, or any foreign country, which shall carry on, do, or transact any business, enterprise or occupation, in this state shall . . . " (paragraph 2226), the rule heretofore laid down by us does not apply.

Of the cases cited, two were decided under the Code of 1901 and two under the Code of 1913. We do not feel that the amendment, which consisted merely of adding to the words "carry on" the words "do or transact," changes the law so as to prohibit a single act. All of the words quoted are governed by the words "business, enterprise or occupation." These last terms imply more than single acts and necessarily refer to a general course of conduct. It would be a serious thing indeed to refuse to any citizen of the United States, or indeed to an alien, individual or corporate, the privilege of appearing in court and there presenting any rights which it might have, and we should not hold our statutes mean this except on the clearest and most unequivocal language.

We see no cause to recede from the position we have already taken in the cases above cited. For this reason the demurrer was improperly sustained,

and the case should be remanded to the lower court for trial on the other issues of law and fact.   It is so ordered.

McALISTER, C. J., and ROSS, J., concur.