**366 P.2d 333**

**UNION INTERCHANGE, INC.,**
a California corporation,
Appellant,

v.

James MORTENSEN and Florence
Mortensen, his wife, Appellees.

No. 6923.

Supreme Court of Arizona.

En Banc.

Nov. 22, 1961.

Forquer & Wolfe, Phoenix, for appellant.

Christy, Kleinman, Peterson & Hoyt, Phoenix, for appellees.

BERNSTEIN, Vice Chief Justice.

This is an action on a contract brought by Union Interchange, Inc., a California corporation, against James and Florence Mortensen, citizens of the State of Arizona, under a contract in writing, the material parts of which are as follows:

"I authorize you to advertise the sale of the above business or property and for that purpose reserve space as follows:

"You are to place the sales information on my business or property in the hands of hundreds of brokers throughout the nation by publication in the next issue of the U. I. Brokers Bulletin * * * also * * * in the next issue of the U. I. Buyers Digest.

"For this reserved space, I will pay you the sum of $400.00 at Los Angeles, California, three (3) months from the date of your acceptance of this advertising agreement, * * *.

"This agreement shall become effective only when accepted by your office in Los Angeles, California. You shall notify me of such acceptance by letter."

The contract admitted into evidence indicated that Union Interchange, Inc., accepted the agreement at their office in Los Angeles on May 1, 1956, and performed under the contract by inserting the advertisement of the Mortensen property in five consecutive issues of U. I. Buyers Digest and in one issue of U. I. Brokers Bulletin. The defendants Mortensen never paid for these services, whereupon Union Interchange, Inc., brought this action to recover $400 with interest and reasonable attorneys' fees and court costs.

The cause was tried to the trial court sitting without a jury. The trial court was not requested to, and did not, make findings of fact in giving judgment to the defendants Mortensen. Plaintiff's motion for new trial was denied and this appeal followed.

Two issues have been properly raised on appeal as to whether the trial court erred in granting judgment to the defendants. This court has held that in the absence of fact findings by the trial court, judgment thereof will be sustained if possible on any theory within the issues and supported by the evidence. Julian v. Carpenter, 65 Ariz. 157, 161, 176 P.2d 693, 695 (1947); Phoenix Safety Investment Co. v. James, 28 Ariz. 514, 237 P. 958 (1925).

The first issue presented is whether there was a contract between the parties. The record on appeal shows that the issues concerning this question were whether plaintiff had accepted the defendants' offer, and, if so, notified them of such acceptance.

To prove the acceptance of the contract the plaintiff introduced into evidence the contract signed by the defendant in Arizona and the plaintiff in Los Angeles, Cal-

ifornia. At the time this contract was introduced the defendant objected stating:

> "Mr. Peterson: I don't think proper foundation has been laid yet. It says in the agreement itself that it does not become effective until it is accepted in Los Angeles, California, and there is no showing it has been accepted there. I don't see it is valid as evidence before the Court, proper foundation has not been laid."

Whereupon the court said:

> "Well, based on that objection the Court will make this ruling: it may be received and marked Plaintiff's Exhibit 1 in evidence, subject, however, to being stricken if the Court is convinced that it is a valid objection, that it is not a contract, and the Court will then strike it then. We will proceed with it at this time."

The evidence adduced at the trial showed the following: (1) The defendant mailed a written offer to the plaintiff in Los Angeles; (2) the plaintiff accepted the offer on May 1, 1956, by signing and dating the offer at the places indicated thereon; (3) the plaintiff's president testified that during the regular course of their business a letter of acceptance was written and mailed to the defendants; (4) the defendant mailed to plaintiff on May 4, 1956, a card stating that he had received the letter of acceptance from plaintiff; and (5) the plaintiff fully performed on the agreement.

In relation to the letter of acceptance provided for in the contract,

> "This agreement shall become effective only when accepted by your office in Los Angeles, California. You shall notify me of such acceptance by letter."

the record further reveals that the defendant testified first under cross-examination that he did not remember whether he had received the letter of acceptance that the plaintiff's president stated had been mailed to him during the regular course of plaintiff's business. Subsequently on direct examination, the defendant stated he did not receive the letter of acceptance. At most, the defendant's testimony was equivocal, particularly in face of the fact that the defendant marked and signed a card and mailed it to the plaintiff indicating that he did receive the plaintiff's letter of acceptance. This card was in the possession of the plaintiff at the time of the trial and admitted into evidence at the trial.

The trial court did not subsequently strike the contract exhibit, therefore it must have found that a contract did exist. Based on this evidence, the trial court did not err in finding that there was a contract between the parties. United Bank & Trust Co. v. Washburn & Condon, 37 Ariz. 223, 225, 292 P. 1025–1026 (1930).

The trial court necessarily decided the cause on the second theory of the case, i. e., the contract was void for failure of plaintiff to comply with the statutory requirements of A.R.S. §§ 10–481, 10–482 (1956) of foreign corporations doing business in Arizona.

The plaintiff contends that they are engaged in interstate commerce and therefore not doing business in the State of Arizona within A.R.S. §§ 10–481, 10–482 (1956).

■ It is a well-known rule that a state cannot place conditions for permission to do interstate commerce. United States v. South-Eastern Underwriters Ass'n, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440 (1943). In the above case dealing with insurance contracts the United States Supreme Court made it clear that for an activity to be classified as interstate commerce it need not consist of tangibles but may consist of intangibles.

■ The plaintiff here is a corporation organized and existing under the general laws of California, having its corporation offices and doing its printing in Los Angeles. The contracts for advertising space are accepted only in California and the letters of acceptance are mailed from their Los Angeles office. All performance under the contract is completed in California including the payment due under such contracts. All offices, as well as employees of the plaintiff are maintained in the state of incorporation. The only step in the plaintiff's operation which occurs in the State of Arizona is when a salesman calls upon a customer at the customer's request to sell the advertising order.

The activities of the plaintiff result in contracts made and performed in California, and as in this case between citizens of different states. In a recent case decided by the Supreme Court of Montana involving the same plaintiff and dealing with an identical factual situation, that court said:

"* * * even though plaintiff is not engaged in selling goods or wares, but rather in the selling of advertising space, its activity is not unlike the solicitation of orders for goods within a state by a drummer who is an agent of a foreign corporation, such goods to be shipped to the buyer from another state. It has been held many times that such activity by drummers constitutes interstate commerce. Robbins v. Shelby County Taxing District, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694; Corson v. State of Maryland, 120 U.S. 502, 7 S.Ct. 655, 30 L.Ed. 699; Asher v. State of Texas, 128 U.S. 129, 9 S.Ct. 1, 32 L.Ed. 368." Union Interchange, Inc. v. Parker, Mont., 357 P.2d 339, 345 (1960).

Plaintiff's activities in this state being interstate commerce, they are not subject

to the provisions of A.R.S. §§ 10–481, 10–482 (1956).

We find that the trial court's judgment cannot be sustained on any theory within the issues. The judgment is therefore reversed with directions to enter judgment for the plaintiff.

STRUCKMEYER, C. J., and LOCKWOOD and UDALL, JJ., concurring.

NOTE: Justice RENZ L. JENNINGS, having disqualified himself, did not participate in the determination of this appeal.