491 P.2d 504

**OMNIBUS FINANCIAL CORPORATION, an Arizona corporation, Appellant,**

**v.**

**EXECUTIVE SEARCH, INC., a California corporation, Appellee.**

**No. I CA–CIV 1377.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 8, 1971.

Richard S. Berry, Tempe, for appellant.

Barry Allen Reiss, Phoenix, for appellee.

**116**

DONOFRIO, Judge.

This is an appeal by Omnibus Financial Corporation from a summary judgment against it in favor of appellee Executive Search, Inc.

Executive Search, Inc. (plaintiff-appellee) filed an action in contract against Omnibus Financial Corporation (defendant-appellant) to recover money allegedly due under an employment contract whereby Executive Search, Inc., supplied a managerial employee to Career Search Unlimited, a wholly owned corporate subsidiary of Omnibus Financial Corporation. For convenience we will refer to the parties as they appeared in the trial court.

Plaintiff and defendant each filed a motion for summary judgment. The trial court granted plaintiff's motion and denied defendant's motion. This appeal is from the judgment entered after the granting of plaintiff's motion for summary judgment.

The facts are not in dispute and both sides agree there is no genuine issue as to any material fact. Defendant and plaintiff entered into an agreement whereby plaintiff, an employment agency, was to supply a manager-executive to defendant to attend to the affairs of defendant. Plaintiff is a California corporation and has no property, offices or employees in Arizona. All negotiations between plaintiff and defendant were transacted by phone or letter between Arizona and California.

The subject of these negotiations, and the individual eventually hired by defendant, was Thomas Scribner, a resident of Colorado. At the time of the negotiations he was physically residing in that state.

Scribner flew from Denver to Phoenix to be interviewed by defendant, and thereafter returned to Denver. The job offer was made by defendant directly to Scribner by telephone from Arizona to Colorado, and accepted by Scribner in Colorado.

The contract entered into between plaintiff and defendant was an oral contract made by telephone, initiated by defendant, and accepted by plaintiff in California. The terms of the contract were that defendant was to pay $3,240 in three installments calculated pursuant to a percentage of the remuneration to be received by Scribner on an annual basis. Defendant paid $1,080 and acknowledged its indebtedness to plaintiff for $2,160.

Scribner commenced working for defendant, however within ninety days and without notice to defendant, he quit work. Defendant then refused to pay any further sums of money to plaintiff until plaintiff provided a replacement manager for the remainder of the year. Plaintiff thereafter brought this suit to recover the balance due on the agreement.

Defendant seeks to reverse the trial court on either of two theories; one, that plaintiff may not recover in its action in that it has failed to comply with the Arizona foreign corporation qualification statutes, A. R.S. §§ 10–481 and 10–482 [1] relative to transacting business in Arizona, the instant case being the only transaction in Arizona; and two, that plaintiff should not recover as it has failed to comply with A.R.S. § 23–526 [2] which requires licensing of employment agents by the Industrial Commission.

1. A.R.S. § 10–482 provides as follows:

"No foreign corporation shall transact business in this state until it has complied with the requirements of § 10–481, and every act done prior thereto is void."

A.R.S. § 10–481 requires:

"A. A foreign corporation before entering upon, doing or transacting any business, conducting any enterprise, or engaging in any occupation in this state shall:

[comply with certain designated filing requirements; appoint a statutory agent; and pay certain fees.]"

2. A.R.S. § 23–526 provides as follows: "A. No person, firm, association or corporation shall act as an employment agent for profit, or receive any fee, charge, commission or other compensation, directly or indirectly, for services as an employment agent without first obtaining from the industrial commission a license therefor, as provided in this article."

■ Arizona has many decisions interpreting "transacting business in Arizona" within the meaning of the foreign corporation qualification statute, A.R.S. § 10–482. Among the early cases on this question are Babbitt v. Field, 6 Ariz. 6, 52 P. 775 (1898); Martin v. Bankers' Trust Co., 18 Ariz. 55, 156 P. 87 (1916); Nicolai v. Sugarman Iron & Metal Co., 23 Ariz. 230, 202 P. 1075 (1922); Monaghan & Murphy Bank v. Davis, 27 Ariz. 532, 234 P. 818 (1925); McKee v. Stewart Land & Livestock Co., 28 Ariz. 511, 238 P. 326 (1925); National Union Indem. Co. v. Bruce Bros., 44 Ariz. 454, 38 P.2d 648 (1934). Some of the later cases are Neiderhiser v. Henry's Drive-In, Inc., 96 Ariz. 305, 394 P.2d 420 (1964); Ranch House Supply Corporation v. Van Slyke, 91 Ariz. 177, 370 P.2d 661 (1962); Union Interchange, Inc. v. Mortensen, 90 Ariz. 112, 366 P.2d 333 (1961); Bank of America, etc. v. Barnett, 87 Ariz. 96, 348 P.2d 296 (1960); Sandia Development Corporation v. Allen, 86 Ariz. 40, 340 P.2d 193 (1959); Rochester Capital Leasing Corporation v. Sprague, 13 Ariz.App. 77, 474 P.2d 201 (1970).

These decisions explain that the burden was on defendant to show that plaintiff "was engaged in 'a reasonably substantial course of business' in Arizona." Ranch House Supply Corporation v. Van Slyke, supra, 91 Ariz. at 179, 370 P.2d at 663. See also Monaghan & Murphy Bank v. Davis, supra; Nicolai v. Sugarman Iron & Metal Co., supra; and Martin v. Bankers' Trust Co., supra. Doing a single act of business does not constitute transacting business within the meaning of A.R.S. § 10–482. Sandia Development Corporation v. Allen, supra; Monaghan & Murphy Bank v. Davis, supra; Nicolai v. Sugarman Iron & Metal Co., supra; Martin v. Bankers' Trust Company, supra; and Babbitt v. Field, supra. Defendant alleges only this single transaction of business by the plaintiff in Arizona. As we read the Arizona cases, this transaction would not show that plaintiff engaged in any substantial course of business in this State so as to come within the meaning of §§ 10–481 and 10–482.

■ The other statute in question, A.R.S. § 23–526, which requires licensing of employment agents by the Industrial Commission, does not specifically limit its applicability to acts of securing employment for compensation done in this State. We hold that it is limited to such situations.

■ After reviewing the record in this case, we do not find that the activities of the plaintiff justify a conclusion that it acted as an employment agent in this State. There is no evidence that plaintiff had ever previously conducted any business in this State, and the affidavit of Carl Diamond, president of plaintiff corporation, states that plaintiff has never had any agents, officers, employees or representatives in this State, nor has it advertised in this State. The contract in question was initiated by telephone by defendant and accepted by plaintiff in California. The individual hired by defendant was a resident of Colorado. Defendant made the job offer to Scribner by telephone while Scribner was in Colorado. From these facts, it is our opinion that the defendant has not sufficiently shown that plaintiff acted in any manner as an employment agent in this State.

Judgment affirmed.

STEVENS, P. J., and CASE, J., concur.