**CORPORATE RECRUITERS LTD., A**
Nebraska Corporation, Appellant,

v.

**NORWEST FINANCIAL, INC.,**
A Corporation, Appellee.

No. 91–1063.

Supreme Court of Iowa.

Sept. 23, 1992.

Jeffrey A. Silver, Omaha, Neb., and Jon McCright of Fisher, Ehrhart, McCright & Turner, Cedar Rapids, for appellant.

Hayward L. Draper and Thomas H. Walton of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Corporate Recruiters, Ltd., a Nebraska corporation, appeals from the district court's dismissal of its action seeking recovery of a commission for assisting defendant, Norwest Financial, Inc. (Norwest), in hiring two employees. Plaintiff claims that the district court erred in determining that it could not maintain the present action because it was not licensed as an employment agency under Iowa Code chap-

ter 95 (1989) nor authorized to transact business in this state as a foreign corporation under the Iowa Business Corporation Act, Iowa Code § 490.1502 (1989). For reasons we discuss below, we reverse the district court's judgment.

■ The transaction for which plaintiff seeks to recover commissions was carried on between plaintiff's office in Omaha and Norwest's office in Des Moines via telephone communications and facsimile transmissions of employee resumes. Plaintiff argues that Iowa Code section 95.1 requiring licensure of "an employment agency" is not applicable to it because (1) it is an executive search firm providing services to employers for agreed compensation, and it does not collect fees from job applicants; and (2) a request for qualified personnel from an out-of-state search firm from prospective employers located throughout the United States should not necessitate licensure in each state where prospective clients are located. Because section 95.1 clearly applies to the procurement of "help" as well as the procurement of "employment," we reject plaintiff's first contention. We do, however, agree with its second contention as a matter of statutory interpretation.

■ The record on a motion for summary judgment must be viewed in the light most favorable to the resisting party (here plaintiff). *Paul v. Ron Moore Oil Co.*, 487 N.W.2d 337 (Iowa 1992); *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). If the present motion papers are viewed in this light, they reveal that plaintiff's only activity in this state was the placing of interstate telephone calls and the sending of interstate facsimile transmissions. Only two or three transactions are revealed.

Section 95.1 reads as follows:

A person who keeps or carries on an employment agency for the purpose of procuring or offering to procure help or employment, or the giving of information as to where help or employment may be procured either directly or through some other person or agency, and if a fee, privilege, or other thing of value is exacted, charged, or received either directly or indirectly, for procuring, or assisting, or promising to procure employment, work, engagement, or situation of any kind, or for procuring or providing help or promising to provide help for any person, whether the fee, privilege, or other thing of value is collected from the applicant for employment or the application for help, shall before transacting any such business procure a license from the labor commissioner, appointed pursuant to section 91.2.

Although the language of section 95.1 does not expressly limit its scope to the carrying on of an employment agency in this state, we interpret it as being so limited. We do not believe that the isolated activities of plaintiff in Iowa constitute the carrying on of an employment agency in Iowa.

Support for our views is found in *Omnibus Financial Corp. v. Executive Search, Inc.*, 16 Ariz.App. 115, 117, 491 P.2d 504, 506 (1971), that involved a California executive search firm, with no property, offices, or employees in Arizona, which supplied an executive to an Arizona client by means of interstate telephone calls and the United States mail. The Arizona court held that the California company was not subject to licensure under an Arizona statute that contained broader language than section 95.1. Similarly, in *John William Costello Associates, Inc. v. Standard Metals Corp.*, 121 Misc.2d 282, 286–87, 465 N.Y.S.2d 382, 386 (1982), *modified on other grounds*, 99 A.D.2d 227, 472 N.Y.S.2d 325 (1984), the court suggests that in order for an employment agency situated in Washington, D.C., to be subjected to New York's licensing requirements it must have maintained a local office or have a "material portion of its overall activities" in that state.

■ With respect to Norwest's claim under section 490.1502, it is well settled that the requirement for a foreign corporation to obtain a permit to transact business in this state before suing upon any contract made here has no application to transactions in interstate commerce. *Credit Indus. Co. v. Happel, Inc.*, 252 Iowa 213, 216, 106 N.W.2d 667, 668 (Iowa 1960); *Hitachi Sales Corp. v. Commercial Trust & Sav.*

*Bank*, 342 N.W.2d 889, 892 (Iowa App. 1983). Telephonic messages from state to state constitute instruments of commerce, and transactions entered into by this means are interstate transactions. 15 C.J.S. *Commerce* § 41 (1967). Contracts involving the performances of services for an agreed consideration may affect commerce to the same extent as contracts for the exchange of tangible goods. *Diversified Brokerage Servs., Inc. v. Greater Des Moines Bd. of Realtors*, 521 F.2d 1343, 1347 (8th Cir. 1975). We conclude that section 490.1502 does not bar plaintiff's right to bring the present action.

We have considered all arguments presented and conclude that the district court erred in sustaining Norwest's motion for summary judgment. That judgment is reversed. The case is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.